Peter Hsiao (SBN 119881)
phsiao@kslaw.com
Michael D. Roth (SBN 217464)
mroth@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Fax: (213) 443-4310

David L. Balser (admitted *pro hac vice*)
dbalser@kslaw.com
Charles G. Spalding, Jr. (admitted *pro hac vice*)
cspalding@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100

Julia C. Barrett (admitted *pro hac vice*)
jbarrett@kslaw.com
**KING & SPALDING LLP**
500 W. Second Street, Suite 1800
Austin, Texas 78701
Telephone: (512) 457-2053
Fax: (512) 457-2100

Attorneys for Defendant
DELTA AIR LINES, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MAYANNA BERRIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.<br><br>Defendant. | Case No.: 2:23-cv-04150-MEMF-MRWx<br>*Hon. Maame Ewusi-Mensah Frimpong*<br><br>**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing:** August 8, 2024; 10:00 AM<br><br>*[Proposed] Order submitted herewith* |

DEFENDANT DELTA AIR LINES, INC.'S PARTIAL MOTION TO DISMISS
SECOND AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 8, 2024, or as soon thereafter as the matter may be heard, Defendant Delta Air Lines, Inc. ("Delta") will bring for hearing before the Honorable Maame Ewusi-Mensah Frimpong, United States District Court Judge, in Courtroom 8b located on the 8th floor of the United States Courthouse, 350 West First Street, Los Angeles, California, 90012, a Partial Motion to Dismiss the Second Amended Complaint of Plaintiff Mayanna Berrin under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

      This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities submitted herewith, the pleadings, papers, and records on file in this case, and such oral argument as may be presented at any hearing.

      This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 23, 2024.

DATED: May 3, 2024                                  **KING & SPALDING LLP**

                                                        By: */s/ Michael D. Roth*
                                                            Michael D. Roth
                                                            *Attorney for Defendant*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ............................... 1

III. DELTA'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF LACKS ARTICLE III STANDING TO SEEK FUTURE INJUNCTIVE RELIEF ...................................................................... 3

    A. Legal Standard ................................................................................... 3

    B. *Plaintiff's Standing to Seek Prospective Injunctive Relief Is Controlled by Article III and the Ninth Circuit's Opinion in Davidson* ........................................................................................ 4

        i. The Ninth Circuit's Opinion in *Davidson* Governs Standing. ................................................................................ 4

        ii. Plaintiff Lacks a Concrete and Particularized Injury ................ 6

        iii. Plaintiff Cannot Establish a Sufficient Likelihood that She Will Be Wronged Again in a Similar Way ......................................... 7

        iv. The SAC Lacks Any Allegations Regarding Plaintiff's Inability to Rely on Delta's Representations. ........................................... 8

        v. Plaintiff Cannot Plausibly Allege Any Future Injury ................ 9

IV. CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alfaro v. Delta Air Lines*,
  No. 2:22-cv-04222-ODW, 2022 WL 17552995 (C.D. Cal. Dec. 9, 2022)................................8

*Anthony v. Pharmavite*,
  2019 WL 109446 (N.D. Cal. Jan. 4, 2019) ................................................................5, 6, 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................3

*Bell Atl. Corp v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................3

*Broomfield v. Craft Brew All., Inc.*,
  No. 17-CV-01027-BLF, 2017 WL 5665654 (N.D. Cal. Nov. 27, 2017)..................................6

*Cimoli v. Alacer Corp.*,
  546 F. Supp. 3d 897 (N.D. Cal. 2021) ...................................................................................10

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)....................................................................................................................4

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013)..................................................................................................................4

*In re: Coca-Cola Prods. Mktg & Sales Practices Litg.*,
  2021 WL 3878654 (9th Cir. 2021) ..........................................................................................7

*Cordes v. Boulder Brands USA, Inc.*,
  2018 WL 6714323 (C.D. Cal. Oct. 17, 2018).........................................................................9

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ......................................................................................... *passim*

*Gamez v. Summit Nats. Inc.*,
  No. CV2205894DSFKSX, 2022 WL 17886027 (C.D. Cal. Oct. 24, 2022) .............................6

*Gest v. Bradbury*,
  443 F.3d 1177 (9th Cir. 2006) .................................................................................................8

*Hanscom v. Reynolds Prods. LLC*,
  No. 21-cv-03434-JSW, 2022 WL 591466 (N.D. Cal. Jan. 21, 2022).......................................6

*Hardy v. Mitsubishi Motors N. Am., Inc.*,
  No. 21-CV-01983-MEMF, 2023 WL 4067408 (C.D. Cal. Mar. 30, 2023).........................4, 11

*Harry v. KCG Americas LLC*,
  No. 17-CV-02385-HSG, 2018 WL 4075885 (N.D. Cal. Aug. 27, 2018), aff'd,
  805 F. App'x 534 (9th Cir. 2020) ...................................................................................10

*Hunter v. Nature's Way Prod., LLC*,
  No. 16-CV-0532-WQH-AGS, 2018 WL 340233 (S.D. Cal. Jan. 9, 2018) ...............................9

*Jackson v. Gen. Mills, Inc.*,
  No. 2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) ..................................................................9

*Lanovaz v. Twinings N. Am., Inc.*,
  726 F. App'x 590 (9th Cir. 2018) ............................................................................................7

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................................3, 4

*Matic v. U.S. Nutrition, Inc.*,
  No. 18-cv-9592-PSG, 2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) ...................................10

*Moore v. Mars Petcare US, Inc.*,
  No. 16-CV-07001-MMC, 2023 WL 4536882 (N.D. Cal. July 12, 2023) ................................9

*Morizur v. Seaworld Parks & Entertainment, Inc.*,
  No. 15-CV-02172-JSW, 2020 WL 6044043, (N.D. Cal. Oct. 13, 2020)..............................7, 8

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ..................................................................................................3

*Phillips v. United States*,
  No. 219CV06338SVWJEM, 2021 WL 2587961 (C.D. Cal. June 22, 2021) ..........................8

*Rahman v. Mott's LLP*,
  No. 13-cv-03482-SI, 2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) ....................................10

*Santa Ana Police Officers Ass'n v. City of Santa Ana*,
  No. SACV151280DOCDFMX, 2018 WL 3013355 (C.D. Cal. June 14, 2018).......................3

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ..............................................................................................1, 3

*Steckman v. Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir. 1998) ................................................................................................4

*T. K. v. Adobe Sys. Inc.*,
  No. 17-CV-04595-LHK, 2018 WL 4003313 (N.D. Cal. Aug. 22, 2018) ................................8

*Vitiosus v. Alani Nutrition, LLC*,
  No. 21-CV-2048-MMA (MDD), 2022 WL 2441303 (S.D. Cal. July 5, 2022) ........................8

iii
DEFENDANT DELTA AIR LINES, INC.'S PARTIAL MOTION TO DISMISS
SECOND AMENDED COMPLAINT

*Wisdom v. Easton Diamond Sports, LLC*,
 2018 WL 6264994, (C.D. Cal. Oct. 9, 2018) ...........................................................................7

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq*. .........................................................................1, 5, 8

Cal. Bus. & Prof. Code § 17500, *et seq*. ............................................................................1, 5

Cal. Civ. Code §1750, *et seq*. ...................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .............................................................................................................3

Fed. R. Civ. P. 12(b)(6) .............................................................................................................3

iv
DEFENDANT DELTA AIR LINES, INC.'S PARTIAL MOTION TO DISMISS
SECOND AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff's Second Amended Complaint (Dkt. 39, "SAC") attempts to salvage her previously dismissed claims for future injunctive relief by including one stray additional allegation. Namely, in Paragraph 17 of the SAC, Plaintiff now alleges that she "is a longstanding and loyal Delta customer" and that she "intends to purchase flights from Delta in the future." *See* SAC ¶ 17. Article III and binding Ninth Circuit precedent demand more. As explained below, Plaintiff's meager allegations do not demonstrate that she has suffered any injury at all from Delta's representations about being a carbon neutral airline, let alone that she is likely to suffer any similar injury in the future. Moreover, any such allegations would be implausible, since Plaintiff alleges—in no uncertain terms—that no company can ever obtain carbon neutrality through the purchase of carbon offsets (as she alleges Delta claimed to do). Plaintiff cannot simultaneously claim she will be injured in the future by carbon-offset-related representations while also alleging that she places no credence in any such representations. Moreover, no further amendments will erase that fact.

Consequently, the Court should dismiss Plaintiff's claims for future injunctive relief and should do so without leave to amend.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2024, this Court entered an order granting Defendant Delta Air Lines, Inc.'s ("Delta's") motion to dismiss Plaintiff's First Amended Complaint ("FAC"). *See* Order Granting in Part Mot. to Dismiss with Leave to Amend, Dkt. 37 ("MTD Order"). Plaintiff's FAC asserted equitable claims under California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, and legal claims under California's Consumer Legal Remedies Act, Cal Civ. Code § 1750, *et seq.* ("CLRA"). In the MTD Order, the Court dismissed Plaintiff's claims for equitable restitution with prejudice under the FAL and UCL based on *Sonner v. Premier*

*Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). *See* MTD Order at 12-13. The Court further found that Plaintiff had not adequately alleged standing to seek future injunctive relief, but that "this deficiency may be cured by amendment." *Id*. at 13.

Plaintiff filed her SAC on April 10, 2024. The allegations in the SAC are essentially the same as those in the FAC, and, like the FAC, assert that Delta misrepresented "the total environmental impact of its business operations" in advertisements and promotional materials, "thereby attaining undeserved market share from environmentally concerned consumers." SAC ¶ 1. Plaintiff alleges that she purchased multiple Delta flights since March 2020. *See* SAC ¶ 13. Plaintiff states she viewed advertisements, LinkedIn posts, and business reporting where Delta was "touted as a carbon neutral business," *id*. ¶ 14, and that these representations "were part of the basis of the bargain, in that she would not have purchased said flights on the same terms had she known those representations were not true," *id*. ¶ 15.

As she did in the FAC, Plaintiff alleges that after she purchased her Delta flights, she "discovered that any such representations" related to Delta's carbon neutral status "are manifestly and provably false." *Id*. ¶ 6. She claims that "[r]ather than achieving carbon neutrality through sustainable fuels and carbon removals," Delta has "instead premised their carbon neutrality on the purchase of carbon offsets from the voluntary carbon market." *Id*. ¶ 47. Plaintiff claims that "foundational issues with the voluntary carbon offset market mean the purchase of said offsets cannot make a company 'carbon neutral.'" *Id*. ¶ 6. According to Plaintiff, "[n]early all offsets issued by the voluntary carbon offset market overpromise and underdeliver on their total carbon impact due to endemic methodological errors and fraudulent account on behalf of offset vendors[.]" *Id*. ¶ 47.

Following the MTD Order, the SAC added the following sole allegation to Paragraph 17 to bolster Plaintiff's claim for future injunctive relief: "Plaintiff is a longstanding and loyal Delta customer. Plaintiff intends to purchase flights from Delta in the future." *See* SAC ¶ 17. As set forth below, the SAC's only additional

allegation to support Plaintiff's standing to seek future equitable relief is insufficient, and the Court should dismiss these claims.[1]

## III. DELTA'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF LACKS ARTICLE III STANDING TO SEEK FUTURE INJUNCTIVE RELIEF

### A. *Legal Standard*

Rule 12(b)(6) requires Plaintiff to "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory," courts must dismiss plaintiffs' claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Plaintiff also shoulders the burden of properly pleading sufficient facts to support both Article III standing and subject matter jurisdiction to survive a Rule 12(b)(1) challenge. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."). And standing must be demonstrated "separately for each form of relief sought." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

---

[1] Notwithstanding the Court's holding that Plaintiff's claims for equitable restitution were barred by *Sonner*, *see* MTD Order at 12-13, the SAC still asserted claims for equitable restitution, *see* SAC ¶¶ 87, 96 & Prayer for Relief ¶ C. During the meet and confer process, Plaintiff agreed to stipulate to removal of these allegations rather than force Delta to file a motion to strike. *See Santa Ana Police Officers Ass'n v. City of Santa Ana*, No. SACV151280DOCDFMX, 2018 WL 3013355, at *2 (C.D. Cal. June 14, 2018) (striking third cause of action because "Plaintiffs exceeded the scope of the leave to amend granted by this Court").

3
DEFENDANT DELTA AIR LINES, INC.'S PARTIAL MOTION TO DISMISS
SECOND AMENDED COMPLAINT

In dismissing a complaint, courts need not grant leave to amend where, as here, it would be futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

### B. <u>Plaintiff's Standing to Seek Prospective Injunctive Relief Is Controlled by Article III and the Ninth Circuit's Opinion in *Davidson*</u>

The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560. To have standing to seek prospective injunctive relief, Article III of the Constitution demands that "a plaintiff must show (1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Hardy v. Mitsubishi Motors N. Am., Inc.*, No. 21-CV-01983-MEMF, 2023 WL 4067408, at *4 (C.D. Cal. Mar. 30, 2023). "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show a sufficient likelihood that [s]he will again be wronged in a similar way." *Davidson*, 889 F.3d at 967 (quotations omitted). In other words, the "threatened injury must be certainly impending to constitute injury in fact" and mere "allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013).

It is **black letter law** that allegations of "past wrongs" are "insufficient by themselves to grant standing" to seek future injunctive relief. *Davidson*, 889 F.3d at 967. Where standing is premised entirely on the threat of repeating a past injury, a plaintiff must show "a sufficient likelihood that [s]he will be again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Plaintiff has not done so here.

#### i. <u>The Ninth Circuit's Opinion in *Davidson* Governs Standing.</u>

Whether Plaintiff has Article III standing to seek future injunctive relief is governed by *Davidson*. There, the plaintiff alleged that she had purchased household

wipes manufactured by Kimberly-Clark after having been misled into believing that the wipes were "flushable" based on a label on their packaging. *Davidson*, 889 F.3d at 964. The plaintiff sought, among other things, injunctive relief under the FAL and UCL enjoining Kimberly-Clark from using the term "'flushable' on their wipes until the product is truly flushable." *Id*. at 971.

In *Davidson*, the Ninth Circuit found that plaintiff had adequately alleged "an imminent or actual threat of future harm caused by Kimberly-Clark's false advertising." *Id*. at 970. Specifically, the court noted that the plaintiff had alleged that she: "continues to desire to purchase wipes that are suitable for disposal in a household toilet"; "would purchase truly flushable wipes manufactured by [Kimberly–Clark] if it were possible"; "desires to purchase Kimberly–Clark's flushable wipes"; "regularly visits stores . . . where [Kimberly–Clark's] 'flushable' wipes are sold"; and is "continually presented with Kimberly–Clark's flushable wipes packaging but has 'no way of determining whether the representation 'flushable' is in fact true.'" *Id*. at 970-71.

Even with these particularized allegations, the Ninth Circuit notated that the case presented a "close question." *Id.* at 971. But it ultimately explained that the plaintiff's allegations established: (1) a "concrete and particularized" injury under the theory that plaintiff adequately alleged she was unable "to rely on Kimberly–Clark's representations of its product in deciding whether or not she should purchase the product in the future"; and, significantly, (2) a "sufficient likelihood" that the plaintiff would suffer such an injury, given her continuous encounters with the product at issue and her desire to purchase it. *Id*. at 971-72.

"Courts have cautioned that *Davidson*'s 'conclusion is narrower than a blanket conclusion that plaintiffs seeking injunctive relief in mislabeling class actions *always* have standing.'" See *Anthony v. Pharmavite*, 2019 WL 109446, at *5 (N.D. Cal. Jan. 4, 2019) (quoting *Martin Schneider, et al. v. Chipotle Mexican Grill, Inc.*, 2018 WL 4700353, at *2 (N.D. Cal. Sept. 29, 2019)). Instead, "[t]he principle

DEFENDANT DELTA AIR LINES, INC.'S PARTIAL MOTION TO DISMISS
SECOND AMENDED COMPLAINT

set forth in *Davidson* is more accurately cast as the court's 'not [being] persuaded that injunctive relief is *never* available for a consumer who learns after purchasing a product that the label is false." *Id*. (first alteration added) (quoting *Schneider*, 2018 WL 4700353, at *2). Indeed, the Ninth Circuit expressly noted that the facts in *Davidson* presented a "close question," which courts have interpreted as "implying that standing was unlikely in cases where the threat of future harm was weaker." *See e.g.*, *Gamez v. Summit Nats. Inc.*, No. CV2205894DSFKSX, 2022 WL 17886027, at *4 (C.D. Cal. Oct. 24, 2022).

### ii. Plaintiff Lacks a Concrete and Particularized Injury

Here, unlike in *Davidson*, Plaintiff does not allege a concrete and particularized injury. As an initial matter, Plaintiff fails to include any of the same types of specific allegations the Ninth Circuit found presented a "close question" in *Davidson*. Nor could she—purchasing airfare is not like the purchase of an everyday consumer product, and does not lend itself to the type of continuous exposure to product labeling that was at issue in *Davidson*.

Instead of detailing any future concrete and particularized injury, as the plaintiff did in *Davidson*, here Plaintiff simply includes a stray allegation that she "intends to purchase flights from Delta in the future." *See* SAC ¶ 17. This is insufficient. *See, e.g.*, *Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2017 WL 5665654, at *4 (N.D. Cal. Nov. 27, 2017) ("[T]he Court has no trouble determining that Plaintiffs' sole allegation that they would purchase Kona beer if it were in fact brewed in Hawaii is an insufficient injury under *Davidson*."); *Hanscom v. Reynolds Prods. LLC*, No. 21-cv-03434-JSW, 2022 WL 591466, at *5 (N.D. Cal. Jan. 21, 2022) (dismissing injunctive relief claim for failure to plead Article III standing where plaintiff did not include sufficient allegations supporting her assertion that she wanted to purchase the product at issue in the future). As the Ninth Circuit has explained, a "some day intention—without any description of concrete plans, or indeed even any specification of when the some day will be—does not

support a finding of the 'actual or imminent' injury that Article III requires." *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018); *see also In re: Coca-Cola Prods. Mktg & Sales Practices Litg.*, 2021 WL 3878654, at *2 (9th Cir. 2021) (reversing class certification decision on standing grounds where statements that plaintiffs would "'consider' purchasing properly labeled Coke are insufficient to show an actual or imminent threat of future harm"). Here, however, that is all Plaintiff has alleged—her minimal allegations of a "some day" intention to purchase Delta flights in the future are insufficient to satisfy Article III and confer standing to seek future injunctive relief.

### iii. Plaintiff Cannot Establish a Sufficient Likelihood that She Will Be Wronged Again in a Similar Way

Next, Plaintiff cannot establish standing to seek future injunctive relief because she does not allege the baseline facts establishing that she is likely to encounter Delta's alleged deceptions in the future. In *Davidson*, the plaintiff pled a "sufficient likelihood" of a repeat similar wrong in part by alleging that she "regularly visits stores that sell Kimberly-Clark's flushable wipes" and is "continually presented with Kimberly-Clark's flushable wipes packaging." Following *Davidson*, district courts generally require a plaintiff to make similar allegations that they are likely to encounter defendants' alleged deceptions on a regular or continuous basis to find standing. In *Wisdom v. Easton Diamond Sports, LLC*, for example, the court found that the plaintiff lacked standing to seek injunctive relief against a baseball bat manufacturer because the plaintiff, "unlike *Davidson*," failed to allege that he "**regularly** purchases bats, or is **regularly** visiting stores where bats are sold." No. CV 18-4078 DSF (SSx), 2018 WL 6264994, at *2 (C.D. Cal. Oct. 9, 2018). Similarly, in *Morizur v. Seaworld Parks & Entertainment, Inc.*, the court found a lack of standing to seek injunctive relief against SeaWorld because there was no indication that the plaintiffs "regularly were confronted with SeaWorld's allegedly false statements, which also differentiates them from the

plaintiff in *Davidson*." No. 15-CV-02172-JSW, 2020 WL 6044043, at *12 (N.D. Cal. Oct. 13, 2020).

Here, and unlike *Davidson*, Plaintiff does not allege any facts suggesting that she regularly encounters or is continuously presented with Delta's representations regarding its carbon neutrality. In fact, Plaintiff does not suggest that she will *ever* encounter Delta's purported representations in the future as Plaintiff does not allege in any non-conclusory way that Delta's representations are ongoing.[2] Past exposure to allegedly unlawful conduct, which is all Plaintiff alleges here, is plainly insufficient to confer standing for injunctive relief. *See Phillips v. United States*, No. 219CV06338SVWJEM, 2021 WL 2587961, at *5 (C.D. Cal. June 22, 2021) ("A previously injured plaintiff must still show a real or immediate threat that he will again be wronged in a similar way") (cleaned up); *see also Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (to establish standing for injunctive relief, plaintiff must show that she is "realistically threatened by a repetition of the violation").

### iv. The SAC Lacks Any Allegations Regarding Plaintiff's Inability to Rely on Delta's Representations.

Moreover, Plaintiff does not specifically allege that she would like to purchase flights in the future but cannot do so because she cannot rely on Delta's representations regarding carbon neutrality. These are the sorts of allegations required by *Davidson*, and they are absent from Plaintiff's SAC. *See T. K. v. Adobe*

---

[2] Plaintiff's only references to any continuing purported misrepresentations by Delta are conclusory allegations seeking an injunction prohibiting Delta from "continuing to engage" in purported misrepresentations, *see* SAC ¶ 97, and alleging that Delta "has engaged, and continues to engage," in practices prohibited by the UCL, *see id.* ¶ 100. These "boilerplate and conclusory" allegations, which are "not tethered to any well-pleaded factual allegations" should be rejected. *Alfaro v. Delta Air Lines*, No. 2:22-cv-04222-ODW, 2022 WL 17552995, at *3 (C.D. Cal. Dec. 9, 2022); *See Vitiosus v. Alani Nutrition, LLC*, No. 21-CV-2048-MMA (MDD), 2022 WL 2441303, at *7 (S.D. Cal. July 5, 2022) (threadbare recital that plaintiffs "will continue to mislead in the future" was insufficient to survive dismissal).

*Sys. Inc.*, No. 17-CV-04595-LHK, 2018 WL 4003313, at *4 (N.D. Cal. Aug. 22, 2018) ("[T]he possibility that Plaintiff may wish [to purchase a product] is not sufficient pursuant to *Davidson*" and is not an allegation of "any actual intention or plan to purchase [the product] again in the future."); *Hunter v. Nature's Way Prod., LLC*, No. 16-CV-0532-WQH-AGS, 2018 WL 340233, at *4 (S.D. Cal. Jan. 9, 2018) (finding no standing to seek future injunctive relief because the plaintiff failed to make "plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to").

          **v.**    <u>**Plaintiff Cannot Plausibly Allege Any Future Injury**</u>

Finally, Plaintiff's SAC precludes her from plausibly alleging standing under *Davidson*. A previously deceived consumer's standing to seek injunctive relief as to an allegedly mislabeled product requires, *in addition to a desire to purchase the product in the future*, an ongoing "inability to rely on the validity of the information advertised" on the product. *Davidson*, 889 F.3d at 971. "Where a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward," injunctive relief "would serve no meaningful purpose as to that plaintiff." *Jackson v. Gen. Mills, Inc.*, No. 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020); *see also Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) (noting "*Davidson*, and the other cases cited in that opinion, involved situations where the plaintiff could not easily discover whether a previous misrepresentation had been cured without first buying the product at issue"); *see also Moore v. Mars Petcare US, Inc.*, No. 16-CV-07001-MMC, 2023 WL 4536882, at *5 (N.D. Cal. July 12, 2023) (dismissing claims for future injunctive relief where plaintiffs now understood representations and could make a determination of their veracity).

Indeed, after *Davidson*, courts have regularly dismissed complaints for future injunctive relief where a past harm was predicated on a lack of knowledge that has

subsequently been cured, thus negating the risk of repeat harm going forward. *See, e.g., Matic v. U.S. Nutrition, Inc.*, No. 18-cv-9592-PSG, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019) ("Plaintiff is now aware that he can find out how much protein powder is in Defendant's containers" and is not "likely to be deceived by the size of the protein powder containers in the future."); *see also Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906-07 (N.D. Cal. 2021) (collecting cases dismissing claims for knowledge of alleged wrongdoing and inability to plead future harm).

Here, Plaintiff alleges in no uncertain terms that Delta's representations are "manifestly and provably false" and that "foundational issues with the voluntary carbon offset market mean the purchase of said offsets **cannot** make a company 'carbon neutral.'" *See* SAC ¶ 6 (emphasis added). Thus, even if Plaintiff claimed an injury based on an inability to rely on Delta's representations in the past, it is unclear how she could be harmed in the future when she simultaneously alleges unequivocally that a company cannot be carbon neutral through participation in the voluntary carbon offset market. Plaintiff's disclaimer of any faith in the carbon credit market precludes her from plausibly alleging the likelihood of future injury. *See Harry v. KCG Americas LLC*, No. 17-CV-02385-HSG, 2018 WL 4075885, at *7 (N.D. Cal. Aug. 27, 2018), aff'd, 805 F. App'x 534 (9th Cir. 2020) ("contradictory allegations do not plausibly allege an injury . . . for purposes of establishing Plaintiff[s'] standing."); *see also Pharmavite*, 2019 WL 109446, at *6 (dismissing claim for injunctive relief for lack of standing because plaintiffs failed to allege that they "intend to purchase the Biotin Products again in the future" and claimed that "as a matter of scientific fact, biotin supplements 'are unneeded, superfluous, and will not provide any benefits'"); *Rahman v. Mott's LLP*, No. 13-cv-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) ("Unlike *Davidson*, where a consumer's inability to rely on packaging misrepresentations in the future was an ongoing injury, [plaintiff] is able to rely on the packaging now that he understands the 'No Sugar Added' label.").

Consequently, because Plaintiff cannot plausibly allege that she is likely to be misled in the future and suffer a similar injury, she lacks standing to seek future injunctive relief.[3]

## IV. CONCLUSION

For the reasons explained above, the Court should dismiss the FAC without leave to amend.

RESPECTFULLY SUBMITTED.

DATED:  May 3, 2024                             KING & SPALDING LLP

                                                By: /s/ Michael D. Roth
                                                    MICHAEL D. ROTH
                                                    *Attorney for Defendant*

---

[3] Delta acknowledges this Court's Order Granting in Part Motion to Dismiss Second Amended Complaint in *Hardy v. Mitsubishi Motors N. Am., Inc.*, No. 21-CV-01983-MEMF (C.D. Cal.) (Jan. 24, 2024), Dkt. 53. In *Hardy*, however, the Court construed plaintiffs' allegations to state that they "may wish to purchase another Mitsubishi vehicle," that they "may like certain features of these cars despite their knowledge of the defect," and that they "may wish to be able [to] rely on Defendants' advertising in the future, and may want the peace of mind of knowing that future advertising will not contain misrepresentations." *Id.* at 16. Plaintiff's SAC here contains no such allegations, nor any allegations that could be so construed. Moreover, *Hardy* did not involve a situation, like the one here, where the Plaintiff understands that past claims of carbon neutrality cannot be relied upon because they are, as she alleges, "manifestly and provably false." SAC ¶ 6.