Paul Watford (SBN 183283)
pwatford@kslaw.com
Peter Hsiao (SBN 119881)
*phsiao@kslaw.com*
Michael D. Roth (SBN 217464)
*mroth@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Fax: (213) 443-4310

David L. Balser (admitted *pro hac vice*)
*dbalser@kslaw.com*
Billie B. Pritchard (admitted *pro hac vice*)
*bpritchard@kslaw.com*
Allison Hill White (admitted *pro hac vice*)
*awhite@kslaw.com*
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100


Attorneys for Defendant
DELTA AIR LINES, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MAYANNA BERRIN, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.<br><br>        Defendant. | Case No.: 2:23-cv-04150-MEMF-MRWx<br><br>**DEFENDANT DELTA AIR LINES, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**Judge:** Hon. Maame Ewusi-Mensah Frimpong<br>**Hearing Date:** December 18, 2025<br>**Hearing Time:** 10:00 a.m.<br>**Hearing Location:** Courtroom 8B |

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on **December 18, 2025 at 10:00 am,** or as soon thereafter as the matter may be heard, Defendant Delta Air Lines, Inc. ("Delta") will bring for hearing before the Honorable Maame Ewusi-Mensah Frimpong, United States District Court Judge, in Courtroom 8b located on the 8th floor of the United States Courthouse, 350 West First Street, Los Angeles, California, 90012, a Motion to Dismiss for Lack of Subject Matter Jurisdiction under Article III and Rule 12(b)(1).

This motion is brought on the grounds that discovery has revealed Plaintiff lacks standing to seek damages or injunctive relief due to the absence of an injury in fact under Article III. Plaintiff cannot pursue money damages because she admitted at her deposition that she did not rely on Delta's carbon neutral representations when purchasing the only flights for which she seeks damages. Plaintiff also lacks standing to pursue injunctive relief under Article III because she does not face any threat of future injury. Discovery has confirmed that Plaintiff does not have any concrete intent to purchase Delta flights in the future and does not face any ongoing or future threat of deception.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities submitted herewith, the pleadings, papers, and records on file in this case, and such oral argument as may be presented at any hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 2, 2025.

DATED: October 10, 2025                **KING & SPALDING LLP**

By: /s/ *Michael D. Roth*
Michael D. Roth
*Attorney for Defendant*

## **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................ 1

II.   RELEVANT BACKGROUND ................................................................................... 1

   A.    Plaintiff Survived the Pleading Stage by Alleging Reliance and Future Injury. .... 1

   B.    Plaintiff Did Not Purchase a Single Flight in Reliance on Delta's Carbon Neutral Representations. ........................................................................................................ 2

   C.    Discovery Has Disproved Plaintiff's Claim of Future Injury. ................................ 4

III.  PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE SHE LACKS ARTICLE STANDING. ............................................................................................ 5

   A.    Plaintiff Lacks Standing to Pursue Damages Under the CLRA. ............................ 7

   B.    Plaintiff Lacks Standing to Pursue Injunctive Relief Under the UCL or FAL. ...... 8

      1.    Plaintiff's Express Disinterest in Future Delta Travel Defeats Standing. .............. 9

      2.    Plaintiff's Deposition Testimony Regarding Her Conditional Intent to Fly Is Legally Insufficient. ............................................................................................... 9

      3.    Plaintiff's Declaration Relies on Inadequate, Subjective Conjecture. ................... 12

IV.   CONCLUSION ....................................................................................................... 13

DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple iPhone Antitrust Litig.*,
    846 F.3d 313 (9th Cir. 2017) ...............................................................................................6

*Arbaugh v. Y&H Corp.*,
    546 U.S. 500 (2006)..............................................................................................................5

*Bargetto v. Walgreen Co.*,
    2024 WL 3493260 (N.D. Cal. June 14, 2024) ......................................................................6

*In re Coca-Cola Prods. Mktg. & Sales Practices Litig.*,
    2021 WL 3878654 (9th Cir. Aug. 31, 2021)........................................................................10

*Cole v. Oroville Union High Sch.*,
    228 F.3d 1092 (9th Cir. 2000) ..............................................................................................5

*Dabish v. Infinitelabs*,
    2014 WL 4658754 (S.D. Cal. Sept. 17, 2014).......................................................................8

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ....................................................................................... *passim*

*Fernandez v. Atkins Nutritionals, Inc.*,
    2018 WL 280028 (S.D. Cal. Jan. 3, 2018)...........................................................................11

*Gordon v. United States*,
    739 F. App'x 408 (9th Cir. 2018) ..........................................................................................6

*Granfield v. NVIDIA Corp.*,
    2012 WL 2847575 (N.D. Cal. July 11, 2012)........................................................................7

*Grausz v. Kroger Co.*,
    2021 WL 5534706 (S.D. Cal. Jan. 22, 2021)........................................................................10

*Hangarter v. Provident Life & Accident Ins. Co.*,
    373 F.3d 998 (9th Cir. 2004) ...............................................................................................12

*Hodgers-Durgin v. de la Vina*,
    199 F.3d 1037 (9th Cir. 1999) .............................................................................................12

*Joslin v. Clif Bar & Co.*,
    2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ...............................................................5, 8, 9

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

*Lanovaz v. Twinings N. Am., Inc.*,
  726 Fed. Appx. 590 (9th Cir. 2018)..............................................................................9

*Linton v. Axcess Fin. Servs., Inc.*,
  2023 WL 4297568 (N.D. Cal. June 30, 2023).............................................................9

*Lucas v. Breg, Inc.*,
  212 F. Supp. 3d 950 (S.D. Cal. 2016)..........................................................................8

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992)...........................................................................................5, 7, 8

*Mashiri v. Dept. of Educ.*,
  724 F.3d 1028 (9th Cir. 2013) .....................................................................................5

*McCarthy v. United States*,
  850 F.2d 558 (9th Cir. 1988) ......................................................................................6

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992)...................................................................................................10

*Popa v. Microsoft Corp.*,
  --- F.4th ---, 2025 WL 2448824 (9th Cir. Aug. 26, 2025) ..........................................5

*Prescott v. Nestle USA, Inc.*,
  2020 WL 3035798 (N.D. Cal. June 4, 2020) .............................................................10

*Profant v. Have Trunk Will Travel*,
  2011 WL 6034370 (C.D. Cal. Nov. 29, 2011)...........................................................12

*Rahman v. Mott's LLP*,
  2014 WL 5282106 (N.D. Cal. Oct. 15, 2014)............................................................12

*Singh v. United States Postal Service*,
  2017 WL 11471761 (N.D. Cal. Oct. 10, 2017)............................................................6

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016).....................................................................................................5

*Thielman v. Griffin-Valade*,
  2023 WL 8594389 (9th Cir. Dec. 12, 2023)........................................................12, 13

*Trammell v. Albertsons Companies, Inc.*,
  2025 WL 591069 (S.D. Cal. Feb. 24, 2025)..............................................................11

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021).................................................................................................5, 7

iv
DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

*Wilson v. Frito-Lay N. Am., Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...................................................................................5

*Wood v. City of San Diego*,
    678 F.3d 1075 (9th Cir. 2012) ...............................................................................................6

**Other Authorities**

Fed. R. Civ. P. 12 .......................................................................................................................6

Fed. R Civ. P. 56 ........................................................................................................................6

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION

## I.       INTRODUCTION

Defendant Delta Air Lines, Inc. ("Delta") files this Motion to Dismiss for Lack of Subject Matter Jurisdiction because discovery has revealed that Plaintiff Mayanna Berrin lacks Article III standing to pursue her claims against Delta.

This case has proceeded, in part, based on Plaintiff's allegation that she relied on various representations that Delta was "carbon neutral" when purchasing Delta flights, and that those representations were allegedly false, causing her to be injured. *See* Dkt. 61 ¶¶ 15-17. She also alleged that she intends to purchase flights from Delta in the future. *Id.* ¶ 18. While the Court denied Delta's motion to dismiss based on these allegations, discovery has now revealed that Plaintiff did not rely on Delta's carbon neutral representations when purchasing flights and has no present intention to fly Delta in the future. Indeed, Plaintiff testified that she stopped purchasing Delta flights years ago, understands that Delta no longer claims to be carbon neutral, and faces no confusion about its current messaging. These facts are dispositive. Without a concrete injury that is personal, imminent, and fairly traceable to Delta's conduct, Plaintiff cannot invoke federal jurisdiction to seek injunctive or monetary relief—let alone represent a class. Because Plaintiff cannot satisfy the constitutional requirements for standing, this Court lacks subject matter jurisdiction and must dismiss her claims in their entirety.

## II.      RELEVANT BACKGROUND

### A.  Plaintiff Survived the Pleading Stage by Alleging Reliance and Future Injury.

Plaintiff filed this action in May 2023, seeking money damages and injunctive relief based on allegations that Delta falsely represented itself as a carbon neutral business. Dkt. 1 ¶¶ 1-14, 89, 97. Plaintiff alleged that she relied on Delta's carbon neutral representations in deciding to purchase flights with Delta, as opposed to a different airline. *Id.* ¶¶ 14-15. Delta moved to dismiss Plaintiff's claims, including her claims for injunctive relief. Dkt. 22 at 24-26. Specifically, Delta argued that Plaintiff lacked Article III standing to pursue injunctive relief because she did not allege any concrete intent to purchase a flight from Delta in the future. *Id.* at 25.

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The Court granted Delta's first motion to dismiss in this respect, finding no threat of future harm because Plaintiff had not "alleged any sort of intent to purchase flights from Delta in the future." Dkt. 37 at 13. The Court granted Plaintiff leave to amend, *id.*, and Plaintiff filed her Second Amended Complaint, adding an allegation that she "is a longstanding and loyal Delta customer" and that she "intends to purchase flights from Delta in the future." Dkt. 39 ¶ 17.

Delta again moved to dismiss Plaintiff's injunctive relief claims, arguing that the new allegation was insufficient to allege standing under *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). *See* Dkt. 42 at 9-10. The Court denied Delta's motion, finding Plaintiff's alleged injury was "her inability to rely on the validity of Delta's representations that it is a carbon-neutral airline, *despite her intention to continue flying Delta*." Dkt. 59 at 6 (emphasis added). The Court found this alleged injury was concrete because "[Berrin] and those similarly situated relied to their detriment" on Delta's carbon-neutral representations and "Berrin alleges that she viewed these advertisements . . . prior to purchasing multiple flights from Delta since March 2020, and that she had used these representations in deciding to purchase her flights with Delta." *Id.* at 6-7. The Court found Berrin alleged an imminent injury: "the difficulty to verify Delta's future carbon neutral representations, which prohibits Berrin . . . from relying on such representations when deciding to purchase another Delta flight in the future." *Id.* at 9.

**B. Plaintiff Did Not Purchase a Single Flight in Reliance on Delta's Carbon Neutral Representations.**

Discovery has disproved Plaintiff's allegation that she purchased *any* flights in reliance on Delta's carbon neutral representations. In her initial disclosures, Plaintiff enumerated her damages as the price she paid for four round-trip flights purchased in April 2021, September 2021, July 2022, and December 2022 (i.e., flights between April 2021 and December 2022). *See* Declaration of Billie Pritchard in Support of Motion to Dismiss ("Pritchard Decl."), Ex. A, Plaintiff Mayanna Berrin's Amended Initial Disclosures ("Amended Initial Disclosures") at 8. Plaintiff asserted that she "would not have purchased flights from Delta if he [*sic*] understood at the time of purchase that Delta's carbon neutral representations were false." *Id.*

2

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

During her deposition, however, Plaintiff contradicted the allegations in her complaint and initial disclosures and disclaimed reliance on Delta's carbon neutral representations when purchasing Delta flights. When asked whether she relied on Delta's carbon neutral representations in booking the four flights for which she now seeks damages, Plaintiff repeatedly testified that she did not. *See* Pritchard Decl., Ex. B, Deposition Transcript of Mayanna Berrin ("Berrin Tr.") 121:22-122:2, 128:11-14, 129:13-24.[1] Delta's counsel confirmed this answer multiple times. *Id.* Plaintiff further clarified that she did not begin relying on Delta's carbon neutrality messaging until "*post 2022.*" *Id.* 128:15-18 (emphasis added). When pressed to specify when she began relying on those representations, she responded: "I'd say 2023." *Id.* 129:13-24.

Plaintiff also testified that she stopped personally purchasing Delta flights around that time. *Id.* 50:6-25 (testifying she stopped purchasing Delta tickets for personal travel "around 2023, 2024"). Although Plaintiff continued to fly Delta after December 2022, she testified that this only occurred "[if] a purchase is made on [her] behalf and [she] ha[s] no ability to change the purchase[.]" *Id*. 50:1-5. Plaintiff testified that all Delta flights she took in 2023 and 2024 were purchased by her employer, family, or ex-boyfriend. *Id*. 31:25-32:19; 52:8-53:8, 54:5-14, 55:21-57:21, 59:24-60:7. For example, when Plaintiff was presented with her Delta flight record and asked to specifically identify the first flight she took after she began to rely on Delta's carbon neutral representations, she identified a flight purchased on July 1, 2023—and immediately admitted "I didn't purchase on my own. That was my father." *Id.* 129:13-130:3; *see also id.* 50:21-51:3 (testifying that she did not fly Delta after May 2023 unless her ticket was purchased by somebody else). Plaintiff does not seek damages for these flights. *See* Ex. A, Amended Initial Disclosures at 8.

The end result of these admissions is clear: Plaintiff did not rely on Delta's carbon neutral representations to purchase *any* of the four Delta flights for which she seeks damages.

---

[1] Plaintiff attempts to reverse her unequivocal testimony on this issue and others through a sham declaration (Dkt. 80-1) and errata that substantively change her testimony to manufacture a concrete injury where none exists. As explained in Delta's motion to strike, these attempts are patently improper and the sham assertions cannot be considered. *See* Dkt. 90.

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### C. Discovery Has Disproved Plaintiff's Claim of Future Injury.

Berrin survived Delta's challenge to her Article III standing at the pleading stage based on allegations that "she is unable to determine the validity of Delta's ongoing or future carbon neutral assertions." Dkt. 59 at 13. Discovery proved that there are no ongoing carbon neutral representations to be assessed, as Delta's carbon neutral representations ceased by March 2022. *See* Pritchard Decl., Ex. C, Deposition Transcript of Amelia DeLuca ("DeLuca Tr.") 27:7-13. Since that time, Delta has not made any representations that it is carbon neutral[2] but has referred only to its goal of reaching net-zero carbon emissions by 2050. *See* Pritchard Decl., Ex. D, Deposition Transcript of Pam Fletcher ("Fletcher Tr.") 89:22-90:23. At her deposition, Plaintiff acknowledged that Delta has transitioned to a "Net Zero by 2050" commitment. Berrin Tr. 88:14–89:9. She does not challenge this message as false and understands it to mean that Delta is not presently carbon neutral. *Id.* 77:18–79:3; *see also* Pl.'s Mot. for Class Cert., Dkt. 82-1 at 3, 6 (arguing three "Carbon Neutral Representations were false and misleading.").

Plaintiff's testimony has also confirmed she does not face any threat of future harm. Plaintiff initially testified that she did *not* intend to fly Delta in the future and that her allegations to the contrary were incorrect. Berrin Tr. 86:12-15, 87:16-24. When questioned by her own counsel, Plaintiff stated that she would "perhaps" fly Delta in the future *if* Delta admitted its carbon neutral claims were false and took steps to legitimately become a carbon neutral airline. *See id.* 180:1-13. Similarly, the declaration submitted in support of Plaintiff's motion for class certification states only that she "would like to fly Delta in the future if Delta can regain my trust." Dkt. 80-1 ¶ 12. But Plaintiff has never expressed a concrete intent to purchase Delta flights in the future.

---

[2] Napkins bearing the statement "Carbon Neutral Since March 2020" were used on Delta flights beginning in February 2022. Although Delta began to remove those napkins from circulation in March 2022, the removal process was not completed until June 2022. *See* Pritchard Decl., Ex. E, Deposition Transcript of Shannon Womack 56:9-18, 135:21-137:1.

4
DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### III.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE SHE LACKS ARTICLE III STANDING.

"Subject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dept. of Educ.,* 724 F.3d 1028, 1031 (9th Cir. 2013). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006).

Under Article III of the Constitution, the jurisdiction of federal courts is limited to "cases" and "controversies." *See, e.g.*, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A "case" or "controversy" exists only if a plaintiff has standing to sue. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "'The doctrine [of standing] developed to ensure that federal courts do not exceed their authority as it has been traditionally understood,' by 'limiting the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Popa v. Microsoft Corp.*, --- F.4th ---, 2025 WL 2448824, at *3 (9th Cir. Aug. 26, 2025) (quoting *Spokeo,* 578 U.S. at 338 (2016)) (cleaned up).

To have standing, a plaintiff must show she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338. An injury-in-fact consists of "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (quotation omitted). A plaintiff seeking future injunctive relief "must demonstrate a real or immediate threat of irreparable injury." *Cole v. Oroville Union High Sch.*, 228 F.3d 1092, 1100 (9th Cir. 2000). "'[S]ome day' intentions—without any description of concrete plans, or indeed any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury" required. *Lujan,* 504 U.S. at 560 (emphasis in original).

The burden of establishing standing rests solely with Plaintiff. *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1140 (N.D. Cal. 2013). And "a plaintiff must demonstrate standing

5

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

separately for each form of relief sought." *Joslin v. Clif Bar & Co.,* 2019 WL 5690632, at *2 (N.D. Cal. Aug. 26, 2019) (internal citation omitted).

As discussed below, Plaintiff's claimed "injuries" do not support Article III standing.[3] Accordingly, Delta has filed this Motion to Dismiss for Lack of Subject Matter Jurisdiction. This motion is the proper procedural vehicle to raise the Court's lack of jurisdiction at this stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) ("[T]he deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3), which provides that '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'"). Indeed, a "motion to dismiss for lack of subject matter jurisdiction, including for failure to allege injury sufficient for Article III standing, may be made at any time." *In re Apple iPhone Antitrust Litig.,* 846 F.3d 313, 319 (9th Cir. 2017).

When reviewing a motion to dismiss for lack of jurisdiction, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Reference to evidence outside the pleadings does not convert a motion to dismiss for lack of jurisdiction into a motion for summary judgment. *See e.g.*, *Gordon v. United States,* 739 F. App'x 408, 411 (9th Cir. 2018) ("The district court properly considered evidence outside the pleadings… and did not err in declining to convert the Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment."); *Bargetto v. Walgreen Co.,* 2024 WL 3493260, at *6 (N.D. Cal. June 14, 2024) (rejecting argument that request to dismiss under Rule 12(h)(3) amounted to a request for summary judgment); *Singh v. United States Postal Service,* 2017 WL 11471761, at *6 (N.D. Cal. Oct. 10, 2017) ("The undersigned may consider the

---

[3] The only injuries alleged by Plaintiff are financial harm and risk of future harm. *See* Dkt. 61, Third Amended Complaint ¶¶ 17-18, 116; *see also id.* at Prayer For Relief.

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

extrinsic evidence submitted by the parties to resolve these jurisdictional issues without converting the Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment.").

Delta addresses Plaintiff's standing to pursue each of her claims below.

**A.  Plaintiff Lacks Standing to Pursue Damages Under the CLRA.**

As the Supreme Court has made clear, "[i]f 'the plaintiff does not claim to have suffered an injury *that the defendant caused* and the court can remedy, there is no case or controversy for the federal court to resolve.'" *TransUnion LLC*, 594 U.S. at 423 (emphasis added). Simply put, "[n]o concrete harm, no standing." *Id.* at 417; *Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("A plaintiff has standing to assert injury based on a defective product or false advertising only if the plaintiff experienced injury stemming from the purchase of that product.").

Here, Plaintiff's sworn testimony is case dispositive and forecloses standing to seek damages under the Consumers Legal Remedies Act ("CLRA"). Plaintiff expressly and repeatedly testified that she did not rely on any alleged misrepresentation by Delta when purchasing the flights for which she seeks damages. Berrin Tr. 121:22-122:2, 128:11-14, 129:13-24. Specifically, Plaintiff is only seeking damages for four flights, all purchased between April 2021 and December 2022. Ex. A, Amended Initial Disclosures at 8. However, at her deposition, Plaintiff explained that she did not rely on *any* alleged carbon-neutral representation when purchasing these flights. Berrin Tr. 121:22-122:2, 128:11-14, 129:13-24. To the extent that Plaintiff flew Delta after 2022, she explained that she was not the purchaser and had no ability to change the purchase. Berrin Tr. 31:25-32:19; 52:8-53:8, 54:5-14, 55:21-57:21, 59:24-60:7. Conceding that she suffered no financial injury as a result of any post-2022 flights, Plaintiff did not include such flights in her enumeration of damages. Ex. A, Amended Initial Disclosures at 8.

In sum, Plaintiff's pre-2022 purchases are not an injury in fact fairly traceable to Delta's challenged conduct, and Plaintiff's post-2022 purchases are not an injury at all. *See Lujan*, 504 U.S. at 560. Plaintiff's attempt to pursue a damages claim under the CLRA—despite admitting she did not rely on the challenged representations—is incompatible with constitutional limits on

7

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION

federal jurisdiction, as it invites the Court to adjudicate a claim wholly untethered from any injury that could have been caused by Delta. That is impermissible. Plaintiff's claim under the CLRA must be dismissed for lack of subject matter jurisdiction.

### B. Plaintiff Lacks Standing to Pursue Injunctive Relief Under the UCL or FAL.

Plaintiff also lacks Article III standing to pursue her claims for injunctive relief under California's False Advertising Law ("FAL") and Unfair Competition Law ("UCL") because she does not face any real or imminent threat of future harm. At the pleading stage, the Court denied Delta's partial motion to dismiss Plaintiff's claims for injunctive relief, finding the allegations in the Second Amended Complaint were sufficient under Article III and *Lujan.* Dkt. 59. The Court's ruling was based on two fundamental premises: (1) that Plaintiff alleged she has a concrete intent to purchase a Delta ticket; and (2) that Delta continues to represent itself as carbon neutral. *See id.* at 12-13. Discovery has disproved both.

To seek injunctive relief, Plaintiff must demonstrate that she "has suffered or is threatened with a concrete and particularized legal harm … coupled with a sufficient likelihood that [s]he will again be wronged in a similar way." *Dabish v. Infinitelabs*, 2014 WL 4658754, at *5 (S.D. Cal. Sept. 17, 2014); *Lucas v. Breg, Inc.*, 212 F. Supp. 3d 950, 972 (S.D. Cal. 2016). This standard requires more than conjecture—it demands a "certainly impending" injury that is personal to Plaintiff. *Joslin*, 2019 WL 5690632, at *2; *see also Lujan,* 504 U.S. at 564 ("'some day' intentions . . . do not support a finding of the 'actual or imminent' injury that our cases require.")

Following the Court's ruling at the motion to dismiss stage, Plaintiff has made three statements that bear on her ability to seek injunctive relief—and none satisfy Article III's standing requirements and Ninth Circuit precedent. First, she testified unequivocally at her deposition that she does *not* intend to fly Delta again. *See* Berrin Tr. 86:12-15, 87:16-24. Second, in an ostensible effort to rehabilitate her initial testimony, she offered a speculative and conditional statement that she would "perhaps" become a loyal Delta customer again if Delta reformulates its flight offerings "to legitimately become a carbon-neutral airline" and retracts its prior carbon neutrality claims. *Id.* 180:1-13. And finally, following her deposition, Plaintiff submitted a sham declaration stating she

8

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

"would like to fly Delta in the future if Delta can regain [her] trust"—a subjective and conjectural assertion. Dkt. 80-1 ¶ 12. Each attempt falls short of the legal standard for Article III standing to pursue injunctive relief.

### 1. Plaintiff's Express Disinterest in Future Delta Travel Defeats Standing.

First, Plaintiff testified unequivocally that she does not desire to travel with Delta in the future. Plaintiff has not purchased any Delta flights since 2022 and affirmatively testified that she does not intend to do so now. *See* Berrin Tr. 50:6-25, 86:12-15. When presented with the allegation in the operative complaint that she has a desire to travel with Delta in the future, Plaintiff stated that this was *incorrect*—making clear that Plaintiff is not a prospective purchaser of Delta flights. *Id.* 87:16-24. This express disavowal of future intent to purchase is fatal to her claim for injunctive relief and alone warrants dismissal of Plaintiff's UCL and FAL claims. *See Joslin*, 2019 WL 5690632, at *3 ("Plaintiffs do not allege they want to or intend to purchase the Products in the future. Accordingly, they fail to allege facts to show they have standing under *Davidson*."); *Linton v. Axcess Fin. Servs., Inc.*, 2023 WL 4297568, at *4 (N.D. Cal. June 30, 2023) (holding that "a plaintiff's intention to purchase a product in the future is necessary to establish Article III standing for injunctive relief.").

### 2. Plaintiff's Deposition Testimony Regarding Her Conditional Intent to Fly Is Legally Insufficient.

Plaintiff's subsequent testimony does not remedy her lack of standing. Plaintiff's conditional and speculative statement that she would "perhaps" fly Delta again if Delta admitted its carbon claims were false and took steps to become "legitimately" carbon neutral fails to establish standing for three independent reasons: (1) a noncommittal desire to buy in the future does not support standing; (2) Delta has no legal obligation to actually *become* carbon neutral; and (3) there is no risk Plaintiff will be deceived in the future based on Delta's prior carbon neutral messaging. Berrin Tr. 180:1-13.

First, Plaintiff's mere consideration of possibly flying Delta in the future (*i.e.*, that she would "perhaps" fly Delta again) is an uncertain assertion of intent that is still inadequate to confer

9

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

standing under Ninth Circuit precedent. *See Lanovaz v. Twinings N. Am., Inc.,* 726 F. App'x 590, 591 (9th Cir. 2018) (no standing where plaintiff stated she would not purchase the at-issue product again and offered nothing more than an interrogatory response that she would "consider buying" the product in the future); *In re Coca-Cola Prods. Mktg. & Sales Practices Litig.*, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) (reversing class certification decision on standing grounds where statements that the plaintiffs would "'consider' purchasing properly labeled Coke are insufficient to show an actual or imminent threat of future harm").

Second, even if Plaintiff had more than an irresolute desire to fly Delta, her conditional intent is based in part on whether Delta takes steps to become "legitimately" carbon neutral. But Plaintiff cannot fabricate standing by attempting to dictate how Delta sells its goods or services.[4] Indeed, courts routinely hold that a plaintiff lacks standing if the desire to purchase is conditioned on the defendant reformulating its product in the manner the plaintiff sees fit. *See Grausz v. Kroger Co.*, 2021 WL 5534706, at *6 (S.D. Cal. Jan. 22, 2021) (threat of harm was too conjectural to establish Article III standing where "Plaintiff's professed intent to purchase Defendant's Product in the future is wholly contingent on a reformulation of the Product," rather than a risk of deception). That is not the type of relief that *Davidson* supports. *See, e.g.*, *Prescott v. Nestle USA, Inc.*, 2020 WL 3035798, at *6 (N.D. Cal. June 4, 2020) (finding no standing to seek injunctive relief where "Plaintiffs allege that they 'would purchase the Product again in the future if they could be sure that the Product was white chocolate'" because "the Court lacks authority to compel Nestle to make any particular product by way of an injunction."). To the contrary, *Davidson* supports standing for injunctive relief based only on "a previously deceived plaintiff's inability to rely on future representations[.]" Dkt. 59 at 9. This Court applied *Davidson* at the pleading stage to find that Plaintiff's allegation of an inability "to determine the validity of Delta's ongoing or

---

[4] Delta has no obligation under California law to revert to its carbon neutral status, but even if it did, Plaintiff's argument would run headlong into the Airline Deregulation Act's preemption of "actions having a connection with or reference to airline 'rates, routes, or services[.]'" *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992) (citing 49 U.S.C. §§ 1305(a)(1)).

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

future carbon neutral assertions" was sufficient to allege a future injury. *Id.* at 13. However, the evidentiary record now forecloses that theory.

Third, Delta ceased its carbon neutral advertising in 2022, when it pivoted to a "net zero by 2050" goal. *See* Dkt. 80-3, Delta Resp. to First Set of Interrogatories at Response No. 2. This transition was prompted by guidance issued by non-profit Science-Based Target Initiative in Fall 2021, which recommended a decarbonization pathway that did not involve use of carbon offsets. DeLuca Tr. 27:14–28:22. Plaintiff testified that she understands Delta's aspirational statement of "net zero by 2050" means that Delta is *not* currently carbon neutral. Berrin Tr. 77:18-21; 78:9-12. Thus, she affirmatively testified that she no longer believes Delta is carbon neutral. *Id.* 84:11-13. And with that understanding she has declined to purchase any further Delta flights. *Id.* 50:1-25. Thus, there is no risk (let alone an imminent one) that Plaintiff will be duped into purchasing a Delta flight based on her mistaken belief that Delta *is* carbon neutral.

This knowledge is dispositive. The entire premise of *Davidson*—that a previously deceived consumer may face future harm due to an inability to assess the truth of a representation—does not apply here. *Davidson* holds that a threat of future injury exists where a plaintiff cannot rely on a representation in the future without purchasing the at-issue product, such as a claim that wipes are "flushable" (which cannot be tested without purchasing and using the flushable wipes). 889 F.3d at 970, 971-72. Although Berrin alleged she was "unable to determine the validity of Delta's ongoing or future carbon neutral assertions" at the pleading stage, *see* Dkt. 59 at 13, discovery has confirmed that Plaintiff actually faces no risk of deception. She *knows* Delta is not currently carbon neutral and is *not* representing itself as such. Berrin Tr. 77:18-21, 78:9-12, 84:11-13. Courts in the Ninth Circuit have consistently held that a plaintiff lacks standing to seek injunctive relief if she gains "knowledge that enables [her] to make an appropriate choice with respect to the products" in the future. *Trammell v. Albertsons Companies, Inc.*, 2025 WL 591069, at *4 (S.D. Cal. Feb. 24, 2025) (no standing for injunctive relief where plaintiff could assess "naturally flavored" claims without repurchasing the product by looking at the ingredients); *Fernandez v. Atkins Nutritionals, Inc.*, 2018 WL 280028, at *15 (S.D. Cal. Jan. 3, 2018) (plaintiff allegedly deceived by "net carbs"

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION

representation on product packaging lacked standing to seek injunctive relief; noting plaintiff "now kn[ew] how [defendant] goes about calculating its net carbs claims, and she [would] not be misled next time").

In sum, Plaintiff's speculative and conditional testimony does not confer standing under Article III or the framework set forth in *Davidson*. Her asserted intent to fly is neither concrete nor imminent, and it is contingent on her preferences for Delta's future conduct, not on any ongoing risk of deception. The evidentiary record confirms that Plaintiff understands Delta is no longer representing itself as carbon neutral and that she faces no confusion or risk of being misled in the future.[5] Accordingly, the Court lacks subject matter jurisdiction over her UCL and FAL claims.

### 3. Plaintiff's Declaration Relies on Inadequate, Subjective Conjecture.

Finally, Plaintiff also states in her declaration that she "would like to fly Delta in the future *if Delta can regain my trust*." Dkt. 80-1 ¶ 12 (emphasis added). Plaintiff's apparent attempt to establish standing through this declaration fails. Plaintiff's statement has nothing to do with a future or ongoing risk of deception, as required by *Davidson*. *See* Dkt. 59 at 13. It is a speculative, vague, and illusory statement that is insufficient to confer standing for injunctive relief. *See Profant v. Have Trunk Will Travel,* 2011 WL 6034370, at * 5 (C.D. Cal. Nov. 29, 2011) ("Plaintiffs allege that they will face future harm by not being able to trust Defendants . . . This future harm is conjectural and too speculative to satisfy the standing requirements to seek injunctive and declaratory relief in federal court."); *Rahman v. Mott's LLP*, 2014 WL 5282106, at *6 (N.D. Cal. Oct. 15, 2014) ("[M]erely feeling that one cannot trust defendant's future representations is not

---

[5] To the extent that Plaintiff attempts to rely on the risk of future deception for other consumers to establish her own standing, *see, e.g.,* Dkt. 82-1 at 15, this argument must be rejected. Standing—even for injunctive relief—must be personal to Plaintiff. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) (Article III standing to seek injunctive relief is plainly lacking where a plaintiff is "*not personally* threatened by [the defendant's] conduct." (emphasis added)); *see also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief. Any injury unnamed members of this proposed class may have suffered is simply irrelevant to the question whether the named plaintiffs are entitled to the injunctive relief they seek.").

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

sufficient harm to confer standing for injunctive relief."); *see also Thielman v. Griffin-Valade*, 2023 WL 8594389, at *1 (9th Cir. Dec. 12, 2023) (no Article III standing where alleged injury was a "lack of confidence").

## IV. CONCLUSION

For all of the foregoing reasons, while Plaintiff may have sufficiently alleged standing at the pleadings stage, she cannot satisfy the requirements of Article III on the record developed during discovery. This case must therefore be dismissed for lack of subject matter jurisdiction.

**RESPECTFULLY SUBMITTED.**

DATED: October 10, 2025

**KING & SPALDING LLP**

By: */s/ Michael D. Roth*
    MICHAEL D. ROTH
    *Attorney for Defendant*

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

## <u>LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Delta Air Lines, Inc., certifies that this brief contains 4,712 words, which complies with the word limit of L.R. 11-6.1.

DATED:  October 10, 2025 **KING & SPALDING LLP**

By: _/s/ Michael D. Roth_
MICHAEL D. ROTH
_Attorney for Defendant_

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION