Paul Watford (SBN 183283)
*pwatford@kslaw.com*
Peter Hsiao (SBN 119881)
*phsiao@kslaw.com*
Michael D. Roth (SBN 217464)
*mroth@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Fax: (213) 443-4310

David L. Balser (admitted *pro hac vice*)
*dbalser@kslaw.com*
Billie B. Pritchard (admitted *pro hac vice*)
*bpritchard@kslaw.com*
Allison Hill White (admitted *pro hac vice*)
*awhite@kslaw.com*
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100

Attorneys for Defendant
DELTA AIR LINES, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MAYANNA BERRIN, individually, and on behalf of all others similarly situated <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES, INC., <br><br> Defendant. | Case No. 2:23-cv-04150-MEMF-AS <br><br> **DEFENDANT DELTA AIR LINES, INC.'S [PROPOSED] MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** <br><br> Judge: Hon. Maame Ewusi-Mensah Frimpong <br><br> Hearing Location: Courtroom 8B |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Delta Air Lines, Inc. ("Delta") proposes to bring for hearing before the Honorable Maame Ewusi-Mensah Frimpong, United States District Court Judge, in Courtroom 8B located on the 8th floor of the United States Courthouse, 350 West First Street, Los Angeles, California, 90012, a Motion to Strike and/or Dismiss Plaintiff Mayanna Berrin's Third Amended Complaint (Dkt. 61) pursuant to Rules 12(c) and 12(f) of the Federal Rules of Civil Procedure. Specifically, Delta will request that the Court strike and/or dismiss all requests for restitution in Plaintiff's Third Amended Complaint (Dkt. 61), including requests in Paragraphs 93 and 102, Subsection C of Plaintiff's Prayer for Relief on page 40 of the TAC (Dkt. 61), and any implicit request for such relief in conjunction with Plaintiff's claim under California's Unfair Competition Law. This motion is subject to an *ex parte* application for expedited briefing and hearing on **December 18, 2025**, in conjunction with the Court's consideration of Plaintiff's motion for class certification. Dkt. 82-1.

Delta brings this proposed motion in light of Plaintiff's recent, belated assertion that she is seeking restitution on behalf of a putative class of consumers (Dkt. 126-1), which is contrary to the Court's prior order dismissing such relief (Dkt. 37). Plaintiff did not request (let alone receive) leave to seek reconsideration of the Court's prior ruling, and thus the allegations seeking such relief in the Third Amended Complaint are both frivolous and barred. In the alternative, the Court should dismiss Plaintiff's restitution allegations because (as the Court already concluded) such relief is unavailable under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).

This proposed motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this matter, and upon such other further matters as may be presented in connection with this application.

This proposed motion is made following the conference of counsel pursuant to Local Rule 7-3 on December 8, 2025. Delta is filing this proposed motion in advance of the seven-day timeframe contemplated in Local Rule 7-3 based on its pending *ex parte* application.

Dated: December 8, 2025                    KING & SPALDING LLP

*/s/ Michael Roth*
Michael Roth
*Attorney for Defendant*

DEFENDANT DELTA AIR LINES, INC.'S [PROPOSED] MOTION TO STRIKE AND/OR DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On November 21, 2025, Plaintiff Mayanna Berrin filed a reply in support of her pending motion for class certification asserting for the ***first time*** that she is seeking relief on behalf of a "restitution class for those [consumers] who purchased flights for business use" brought under California's Unfair Competition Law ("UCL"). *See* Dkt. 126-1 at 12. This representation is contrary to the Court's Order dismissing Plaintiff's previous requests for restitution (Dkt. 37 at 12-13) (the "Order") and *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). Thus, Delta moves the Court to strike and/or dismiss Plaintiff's requests for restitution in her Third Amended Complaint ("TAC") to remove any question as to the contours of the putative class claims in this case.

### II.    RELEVANT BACKGROUND

On March 28, 2024, the Court entered an Order holding, in relevant part, that Plaintiff could not seek restitution for past harm under the UCL or California's False Advertising Law ("FAL") because Plaintiff alleged an adequate legal remedy in the form of actual damages in her Complaint. Dkt. 37 at 12-13. Thus, the Court dismissed Plaintiff's UCL and FAL claims for restitution without leave to amend. *Id.* at 13 ("[S]he cannot adequately allege the basis for seeking equitable restitution."). The Court also dismissed any equitable relief sought under the Consumers Legal Remedies Act ("CLRA") on the same grounds. *Id.* at 14. The Court only gave Plaintiff leave to amend her FAL, UCL, and CLRA claims as to her request for future injunctive relief as the Court found that her failure to allege a "threat of harm . . . may be cured by amendment." *Id.* at 13; *see also* Dkt. 59 at 3.

Plaintiff did not move the Court for reconsideration of its ruling on her requests for restitution. Nonetheless, on April 10, 2024, she filed a Second Amended Complaint that included requests for restitution. *See* Dkt. 39 ¶¶ 87, 96; *id.* at p. 40 (Prayer for Relief seeking "[a]n order for full restitution"). Thereafter, on December

11, 2024, the Court approved the parties' stipulation permitting Plaintiff to file a Third Amended Complaint for the sole purpose of adding a new class representative, Sean Boileau. *See* Dkt. 53; Dkt. 58. The same day, the Court issued its Order on Delta's partial motion to dismiss the Second Amended Complaint, reaffirming its prior conclusion "that equitable relief was not appropriate for past harm because [Plaintiff] alleged an adequate legal remedy, which was demonstrated by Berrin's CLRA claim seeking money damages." Dkt. 59 at 3.

Plaintiff filed the TAC on December 19, 2024, which remains the operative complaint. Dkt. 61. Despite the Court's prior orders, the TAC includes requests for restitution as to Plaintiff's CLRA and FAL claims. Dkt. 61 ¶¶ 93, 102. The TAC does not expressly seek restitution under the UCL; it only generally seeks "equitable relief" under the statute. *Id.* ¶ 114. In addition, Plaintiff's prayer for relief broadly seeks "[a]n order for full restitution." *Id.* at 40.

On August 29, 2025, Plaintiff filed a motion for class certification that made **no** reference to restitution, let alone a UCL "restitution class." *See generally* Dkt. 82-1. Instead, she sought to certify two classes that include California residents (1) who were exposed to Delta's representations and purchased Delta flights; and (2) who purchased Delta flights on the Delta.com website. *Id.* at ii. The only equitable relief referenced in Plaintiff's motion was "[a]n injunction ordering Delta to issue a retraction" regarding its carbon neutral representations. *Id.* at 15-16. And the only damages Plaintiff sought were those that would be identified by her expert (*i.e.*, actual damages). *Id.* at 20-23. In response to Plaintiff's motion, Delta noted Plaintiff's conflation of the relief available under the CLRA, UCL, and FAL and reiterated that Plaintiff has no remaining claims for restitution, so her claims for injunctive relief under the UCL and FAL could only be certified, if at all, under Rule 23(b)(2). *See* Dkt. 96 at 4 n.4.

On November 21, 2025, Plaintiff asserted **for the first time** that the Court should certify a new subclass: "a UCL restitution class for those who purchased

flights for business use." Dkt. 126-1 at 12. Plaintiff also claimed that her proposed damages "models" would be a proper fit "for either an actual damages remedy or an equitable remedy of restitution." *Id.* at 13; *see also id.* at 16 (describing her "benefit of the bargain damages model" as reflecting actual legal damages under the CLRA and a "restitutionary remedy under the UCL and FAL, as it calculates the price of the offsetting paid for yet never received by Plaintiff").

## III.    LEGAL STANDARDS

### A. <u>Federal Rule of Civil Procedure 12(f) – Motion to Strike</u>

Under Rule 12(f), a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Should the scope of any amendment exceed the leave to amend granted by a court's dismissal order, the court will strike the offending portions of the pleading under Rule 12(f). *See, e.g.*, *Santa Ana Police Officers Ass'n v. City of Santa Ana*, No. 15-cv-1280-DOC-DFMx, 2018 WL 3013355, at *2 (C.D. Cal. June 14, 2018) (Carter, J.) (citing *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1048 (C.D. Cal. 2015)).

### B. <u>Federal Rule of Civil Procedure 12(c) – Motion for Judgment on the Pleadings</u>

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is properly granted "when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 700 (9th Cir. 2022) (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). Because Rule 12(c) and Rule 12(b)(6) motions are

"functionally identical," the same standard of review applies to motions brought under either rule. *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quotation omitted). Thus, the Court accepts "all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020) (citing *Fleming*, 581 F.3d at 925). However, the Court is "not required to accept as true allegations that contradict exhibits attached to the [c]omplaint, or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Chandavong v. Fresno Deputy Sheriff's Ass'n*, 599 F. Supp. 3d 1017, 1020 (E.D. Cal. 2022) (quoting *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013)).

## IV.    THE COURT SHOULD STRIKE AND/OR DISMISS PLAINTIFF'S RESTITUTION ALLEGATIONS FROM THE TAC.

This Court previously and correctly found (and Plaintiff has conceded) that she has an adequate remedy at law for her alleged past monetary harms. Nevertheless, Plaintiff improperly repled her claims seeking restitution (and other monetary relief) in her TAC and now seeks to certify a UCL restitution class. Because Plaintiff's renewed claim for restitution is contrary to the Court's prior Order dismissing Plaintiff's request for equitable relief, the Court should strike these allegations. Alternatively, even if this Court were to consider the issue on the merits again, it should conclude once again that Plaintiff's claim for equitable restitution fails under *Sonner* because she alleges an adequate remedy at law.

### A. **Plaintiff's Restitution Allegations Should Be Stricken Because They Are Contrary to the Court's Order.**

Plaintiff's restitution allegations—*see* Dkt. 61 ¶¶ 93, 104, & Prayer for Relief at p. 40—exceed the bounds of the Court's Order. That Order held that Plaintiff could not seek restitution for past harm under the UCL, FAL, or CLRA because Plaintiff alleged an adequate legal remedy in the form of actual damages. Dkt. 37 at

12-14. Thus, the Court dismissed Plaintiff's restitution claims without leave to amend. *Id.* at 13 ("[S]he cannot adequately allege the basis for seeking equitable restitution."). Plaintiff did not ask the Court to reconsider its Order dismissing these claims for restitution.

Courts have broad authority to strike individual allegations as well as whole claims that are improperly pleaded. *See PB Farradyne, Inc. v. Peterson*, No. 05-cv-3447-SI, 2006 WL 2578273, at *3 (N.D. Cal. Sept. 6, 2006) (striking, without leave to amend, a new theory of liability alleged in a third amended complaint that was "outside the scope of the leave to amend granted"). As courts have consistently held, claims that were previously dismissed with prejudice should be stricken as "wholly specious." *See Allen v. Cnty. of Los Angeles*, No. 07-cv-102-MRL-SJH, 2009 WL 666449, at *3 (C.D. Cal. Mar. 12, 2009) (quotation omitted); *Lhevan v. Spitzer*, No. 16-cv-1367-GHW-AGR, 2022 WL 2892390, at *4 (C.D. Cal. May 27, 2022), *report and recommendation adopted*, No. 16-cv-1367-GHW-AGR, 2022 WL 2870529 (C.D. Cal. July 18, 2022) (same); *Tran v. Smith*, No. 19-CV-00148-DAD-SAB, 2021 WL 2142622, at *2 (E.D. Cal. May 26, 2021) (same); *Lamumba Corp. v. City of Oakland*, No. 05-CV-2712-MHP, 2006 WL 3086726, at *4 (N.D. Cal. Oct. 30, 2006) (same).

Here, the Court should exercise its authority to strike Plaintiff's allegations regarding restitution in the TAC because they are inconsistent with the Court's Order and the limited amendments permitted thereby.

### B. Alternatively, Plaintiff's Allegations of Restitution Should Be Dismissed Again Because They Are Barred by *Sonner*.

This Court previously concluded *Sonner* bars Plaintiff's restitution allegations. Dkt. 37 at 12-13. Therefore, in the alternative, this Court should dismiss them (again).

In *Sonner*, the Ninth Circuit held that plaintiffs cannot pursue equitable claims and relief unless they first establish that they lack an adequate remedy at law. 971

DEFENDANT DELTA AIR LINES, INC.'S [PROPOSED] MOTION TO STRIKE AND/OR DISMISS

F.3d at 845. On March 28, 2024, this Court correctly determined that Plaintiff has alleged an adequate remedy at law for past harm (*i.e.*, monetary damages). Dkt. 37 at 12-13. Nonetheless, Plaintiff apparently intends to seek restitution under the UCL based on the same allegations this Court previously determined were insufficient under *Sonner*. *See* Dkt. 126-1 at 12. There is no reason to revisit that determination. Plaintiff's CLRA and UCL claims are based on the same facts, and the restitution remedy Plaintiff alleges for her UCL claim is encompassed entirely by the damages remedy she alleges for the alleged CLRA violation. Indeed, Plaintiff admitted as much by arguing that her proposed damages "models" would be a proper fit "for *either* an actual damages remedy *or* an equitable remedy of restitution." *Id.* at 13; *see also id.* at 16 (describing her "benefit of the bargain damages model" as reflecting actual legal damages under the CLRA and a "restitutionary remedy under the UCL and FAL, as it calculates the price of the offsetting paid for yet never received by Plaintiff"). To conclude that Plaintiff can plead allegations of restitution under these circumstances cannot be squared with *Sonner* and its progeny, and thus *all* of Plaintiff's restitution allegations should be dismissed.[1] *See, e.g.*, *Williams v. Apple, Inc.*, No. 19-cv-04700-LHK, 2020 WL 6743911, at *10 (N.D. Cal. Nov. 17, 2020) (dismissing FAL and UCL claims seeking restitution in reliance on *Sonner* because plaintiffs had an adequate remedy at law for breach of contract).

## V.    CONCLUSION

For the reasons set forth above, Delta respectfully requests that the Court strike and/or dismiss Plaintiff's requests for restitution in the TAC. Specifically, Delta requests that the Court strike and/or dismiss all requests for restitution in the TAC, including requests in Paragraphs 93 and 102, Subsection C of Plaintiff's

---

[1] Although Plaintiff's reply only references restitution with respect to her UCL claim, the Court should strike *any* restitution allegations consistent with its prior Order to avoid any further attempt to resurrect that improper remedy.

Prayer for Relief on page 40 of the TAC, and any implicit request for such relief in conjunction with Plaintiff's UCL claim.

Dated: December 8, 2025   Respectfully submitted,

            */s/ Michael Roth*
            Michael Roth
            *Attorney for Defendant*

DEFENDANT DELTA AIR LINES, INC.'S [PROPOSED] MOTION TO STRIKE AND/OR DISMISS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Delta, certifies that this brief contains 2,035 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 8, 2025          Respectfully submitted,

*/s/ Michael Roth*
Michael Roth
*Attorney for Defendant*

DEFENDANT DELTA AIR LINES, INC.'S [PROPOSED] MOTION TO STRIKE AND/OR DISMISS