```
HADERLEIN AND KOUYOUMDJIAN LLP
Jonathan Haderlein (Cal. Bar No. 336644)
jhaderlein@handklaw.com
Krikor Kouyoumdjian (Cal. Bar No. 336148)
kkouyoumdjian@handklaw.com
700 Flower St., Suite 1000
Los Angeles, California 90017
Telephone:    (818) 304-3435

RUSSELL LAW, PC
L. David Russell (Cal. Bar No. 260043)
david@russelllawpc.com
2321 Rosecrans Ave, Suite 5200
El Segundo, California 90245
Telephone: (323) 638-7551
```

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYANNA BERRIN, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 2:23-cv-04150-MEMF-ASx<br><br>**PLAINTIFF'S OPPOSITION TO DELTA'S MOTION TO STRIKE AND OR DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Judge: Hon. Maame Ewusi-Mensah Frimpong |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff's Second Amended Complaint sought both legal damages and restitution. In its Order on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, the Court dismissed Plaintiff's claim for restitution, on the basis that the Ninth Circuit in *Sonner* precludes seeking restitution in the presence of an adequate legal remedy. In Plaintiff's Third Amended Complaint ("TAC"), Plaintiff pled restitution exclusively in the alternative to legal damages and conducted discovery with the intention of seeking only legal damages at trial.

In its Opposition to Class Certification, Delta argued that the proposed class was overbroad because it included "business travelers," on the basis that business travelers are not "consumers" under the Consumers Legal Remedies Act ("CLRA") and therefore lack a legal remedy for damages under that statute.

In direct response to Delta's argument, Plaintiff's Reply brief refined the class definition to create a "Restitution Subclass" for these business travelers. Because, according to Delta, these travelers allegedly lack a legal remedy for these flights under the CLRA, this subclass seeks equitable restitution under the Unfair Competition Law ("UCL"), which does not exclude business travelers.

Now, in this Motion to Strike, Delta attempts to block this subclass by striking any claim for equitable restitution from Plaintiff's Third Amended Complaint, citing *Sonner v. Premier Nutrition Corp*. and this Court's prior dismissal order. Delta argues that Plaintiff still cannot seek restitution because she has an adequate remedy at law.

This motion is procedurally improper, having been filed months after the pleading deadline, based solely on arguments made in a class certification reply brief. This is not a pleading challenge; it is a sur-reply in disguise.

It is also principally flawed. Delta cannot have it both ways. If business travelers have no legal remedy, there is no available legal remedy that disqualifies them from restitution. If Delta is correct that business travelers lack standing under the CLRA, then they have no

adequate remedy at law, and equitable restitution under the UCL is their only available recourse. This is precisely the exception that *Sonner* preserves.

The Court should deny this motion and resolve the scope of the class definition at the scheduled Class Certification hearing.

## II. PROCEDURAL HISTORY

Plaintiff Mayanna Berrin filed her initial Complaint on May 30, 2023, alleging violations of California's Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL") based on Delta's false representations of carbon neutrality. Plaintiff filed a First Amended Complaint on July 19, 2023.

On August 18, 2023, Delta moved to dismiss the First Amended Complaint. Following extensive briefing, on March 28, 2024, this Court entered an Order granting Delta's motion in part with leave to amend. The Court dismissed Plaintiff's UCL and FAL claims for equitable restitution without leave to amend, holding that Plaintiff could not seek restitution for past harm because she alleged an adequate legal remedy in the form of actual damages under the CLRA.

Plaintiff filed her Second Amended Complaint on April 10, 2024. Delta again filed a partial motion to dismiss, which the parties briefed. On December 11, 2024, the Court entered an Order denying Delta's partial motion to dismiss, reaffirming its prior conclusion "that equitable relief was not appropriate for past harm because [Plaintiff] alleged an adequate legal remedy, which was demonstrated by Berrin's CLRA claim seeking money damages."

Plaintiff filed a Third Amended Complaint on December 19, 2024, which remains the operative complaint. The TAC includes requests for restitution in Paragraphs 93 and 102, and Subsection C of the Prayer for Relief. Paragraph 102 of the TAC states unambiguously that Plaintiff seeks restitution "only hypothetically and as an alternative to any contrary allegations in their other causes of action, in the event that such causes of action do not succeed." The paragraph further specifies that "Plaintiffs and the Class may be unable to obtain monetary, declaratory and/or injunctive relief directly under other causes of action and will lack an adequate remedy at law" under specific circumstances.

On August 29, 2025, Plaintiff filed a Motion for Class Certification seeking certification of two classes of California residents who purchased Delta flights and were exposed to Delta's carbon neutral representations.  On October 8, 2025, Delta filed its opposition to class certification, which for the first time raised the issue that the CLRA does not confer standing to individuals who flew for business reasons.  On November 21, 2025, Plaintiff filed her Reply brief in support of class certification, asserting for the first time a proposed "restitution subclass" for these business travelers wherein they would receive equitable restitution under the UCL.  This subclass was proposed in direct response to Delta's argument that business travelers lack standing under the CLRA because they are not "consumers" under that statute.

On December 8, 2025, Delta filed the instant Motion to Strike and/or Dismiss, along with an ex parte application seeking expedited briefing on December 18, 2025, concurrent with the class certification hearing.

### III.   LEGAL STANDARDS

Under Rule 12(f), a court may "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2).  Rule 12(f)(2) provides that a party must file a motion to strike "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2).  "The district court has authority under Rule 12(f) to strike a pleading, in whole or in part, only if a motion is made before the moving party has filed a responsive pleading, unless the court strikes the pleading on its own initiative or no responsive pleading is permitted." *Culinary & Serv. Empl. Union, Local 555 v. Hawaii Empl. Ben. Admin.*, 688 F.2d 1228, 1232 (9th Cir. 1982).

In *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), the Ninth Circuit held that federal courts must apply equitable principles when adjudicating state law equitable claims, including claims for restitution under California's UCL and FAL.  Under these principles, equitable relief is generally barred when an adequate remedy at law exists.

IV. **ARGUMENT**

**A. Delta's Motion is Procedurally Improper.**

Delta moves under Rule 12(f) to "strike" allegations from the TAC and under Rule 12(b)(6) to "dismiss" claims. Both vehicles are procedurally defective here.

Delta is attempting to use a Rule 12(f) Motion to Strike—a pleading challenge—to attack a class certification argument. This is procedurally improper. Rule 12(f)(2) provides that a party must file a motion to strike under that rule "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *See also Culinary & Serv. Empl. Union, Local 555*, 688 F.2d at 1232 ("The district court has authority under Rule 12(f) to strike a pleading, in whole or in part, only if a motion is made before the moving party has filed a responsive pleading, unless the court strikes the pleading on its own initiative or no responsive pleading is permitted.").

Here, Delta filed an Answer to the TAC on January 27, 2025, meaning that the motion was filed almost a full year late. Accordingly, the motion should be denied as untimely. *See San Francisco Herring Ass'n v. Pac. Gas & Elec. Co.*, No. 14-CV-04393-WHO, 2015 WL 8482187, at *2 (N.D. Cal. Dec. 10, 2015) ("Because plaintiffs filed their motion on October 22, 2015, which is 30 days after PG&E filed the Amended Answer, the motion is untimely pursuant to Rule 12(f)(2). Accordingly, plaintiffs' motion is DENIED."); *Hubbs v. Big Lots Stores, Inc.*, No. LACV1501601JAKASX, 2019 WL 12536592, at *3 (C.D. Cal. July 2, 2019) ("permitting post-answer Rule 12(f)(2) motions to strike class allegations under the guise of Rule 12(f)(1) sua sponte action would ... encourag[e] piecemeal and redundant motions practice ... [and] would be a transparent fiction in violation of at least the spirit, if not also the letter, of the Ninth Circuit's holding in Culinary.") (quoting *In re Seagate Technology LLC*, No. 16-CV-523-JCS, 2017 WL 3670779, *5 (N.D. Cal. Aug. 25, 2017)).

**B. The Restitution Subclass Resolves The Business Traveler Issue First Raised By Delta in Opposition to Plaintiff's Class Certification Motion.**

Delta's reliance on *Sonner* is misplaced. *Sonner* holds that federal courts must apply equitable principles, which typically bar equitable relief (like restitution) when an adequate

1  remedy at law exists. Delta has argued that business travelers are not "consumers" under the
2  CLRA. If the Court adopts this argument, that group of individuals could not recover CLRA
3  damages, meaning they would have no remedy in law. In sum, if the Court agrees with Delta,
4  then equitable restitution is permitted because there is no adequate remedy at law.

5  By moving to strike this subclass, Delta is effectively arguing that business travelers
6  should have no remedy at all—barred from damages under one statute, yet still barred from
7  restitution because they could have had damages if they were consumers. This circular
8  reasoning distorts *Sonner*. *Sonner* prevents double recovery or "election of remedies"
9  gamesmanship; it does not mandate total immunity for defendants against plaintiffs who fall
10 outside statutory damages provisions.

11 Plaintiff has properly offered a new a refinement of the class definition made in direct
12 response to Delta's Opposition. "The purpose of a movant's reply is to respond to an
13 opposition." *In re Large Scale Biology Corp.*, No. 06-20046-A-11, 2007 WL 2859782, at *1
14 ("If the evidence and argument included with a motion were required to anticipate the
15 arguments a respondent might raise in opposition to the motion, the court would not permit the
16 movant to file a reply to any opposition."). Delta argues that any claim for restitution is too
17 late, as Delta was not put on notice. But Plaintiff's refinement of the class definition to
18 include a "restitution subclass" for business travelers is a permissible and standard response to
19 a Defendant's opposition. And indeed, Plaintiff had pled restitution in the alternative since her
20 Third Amended Complaint. Plaintiff only had need to raise the restitution issue in response to
21 arguments Delta raised for the first time in its Class Certification Opposition. Here, Plaintiff's
22 approach complies with this Court's prior orders and *Sonner* by seeking equitable relief only
23 for those class member's flights (flights flown for business travel) who are otherwise deprived
24 of an adequate legal remedy under the CLRA.

25 As Plaintiff explained in detail in her Reply in Support of Class Certification, the Court
26 retains discretion to consider modifications to class definitions in Reply or even at oral
27 argument in the interest of the class certification process proceeding in a timely and efficient
28 manner, and courts regularly allow plaintiffs to refine class definitions in reply briefs to cure

overbreadth issues raised by defendants. See *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1093 (C.D. Cal. 2015). Delta argued business travelers do not have a CLRA damages remedy. If Delta is correct, then those class members lack an adequate remedy at law. It was therefore not only proper but essential that Plaintiff offer a solution. Here, Plaintiff's suggestion that equitable restitution for that specific subgroup of flights, as they do not have a legal damages remedy, is perfectly consistent with *Sonner* and this Court's prior order on this issue.

### C. The Court's Prior Order Does Not Bar this Subclass.

Delta cites this Court's prior order (Dkt. 37) dismissing Plaintiff's request for equitable restitution. Mot. at 4. That order analyzed the claims of the Named Plaintiff, Mayanna Berrin. The Court correctly held she could not simultaneously seek equitable restitution and legal damages for the same harm. But the "Restitution Subclass" seeks recovery for harms Delta argues are not covered by the CLRA class. Ms. Berrin has flights that only fall under one of the two proposed subclasses. By definition, she will not receive a double recovery for any single flight. The Court's prior ruling regarding a consumer plaintiff with a valid legal remedy by definition cannot apply to class members who lack that remedy for several of their flights.

The TAC's treatment of restitution demonstrates precisely the careful, conditional pleading *Sonner* permits by seeking restitution only "hypothetically" in the event that the Class would otherwise "lack an adequate remedy at law." This conditional pleading structure is consistent with *Sonner*. It preserves restitution as a remedy only for class members who lack an adequate legal remedy.

The fact that it directly addresses the business traveler issue Delta raised is neither an accident nor a surprise. The CLRA limits standing to "consumers," defined as individuals who purchase goods or services ""or personal, family, or household purposes." Cal. Civ. Code § 1761(d). If Delta is correct that business travelers fall outside this definition, then those class members objectively lack a CLRA damages remedy for any flights that fall outside the personal, family, or household use requirement. The TAC's conditional pleading anticipated

precisely this scenario—where a subset of class members might "be unable to obtain monetary ... relief directly under other causes of action and will lack an adequate remedy at law."

Delta's argument that pleading in the alternative is insufficient "post-*Sonner*" misreads both *Sonner* and Rule 8(e)(2). *Sonner* addressed a plaintiff who voluntarily abandoned her legal remedy because there was a perceived advantage to seeking restitution; it did not hold that plaintiffs may never plead equitable remedies conditionally where legal remedies might prove inadequate.

Unlike the plaintiff in *Sonner*, who strategically dropped a viable damages claim on the eve of trial to forum-shop for a bench trial, Plaintiff here has maintained her CLRA damages claims throughout and seeks restitution only as a contingent, alternative remedy for those who may lack access to damages. This is the antithesis of the "singular and strategic purpose" the Ninth Circuit criticized in *Sonner*.

### D. Plaintiff's Discovery Responses Addressed Her Individual Claims, Not Future Class Certification Arguments

Delta argues that Plaintiff's initial disclosures and interrogatory responses constitute admissions that she is not seeking restitution because those responses referenced only "actual damages, statutory damages, and attorney's fees, costs, and interest."[1]

Plaintiff's discovery responses, served in early 2025, accurately described the relief she pursued at that time: CLRA damages for herself and for a class of consumers like her. Plaintiff Berrin is a consumer who purchased flights for both personal and business use. She has both CLRA and UCL standing, and in the absence of any reason her legal damages remedy was insufficient, knew she could only seek those damages.

---

[1] Delta also raises an unfiled stipulation from Spring 2024. As is plain from the date of the email, this never-filed stipulation related to the Second Amended Complaint, and not the operative Third Amended Complaint. The informal email discussion Delta now cites simply reflected counsel's understanding of the Court's March 28, 2024 Order as it applied to Plaintiff Berrin's individual claims, and is irrelevant to the validity of the Third Amended Complaint's amendments made in response to the Court's subsequent order on Delta's Second Motion to Dismiss.

1  The business traveler restitution issue arose only when Delta challenged the class definition in
2  its October 2025 opposition to class certification.  Plaintiff's discovery responses from nine
3  months earlier could not have anticipated or addressed this argument about a subset of class
4  members Delta had not yet identified as problematic.  Moreover, discovery responses do not—
5  and cannot—bind a plaintiff's class certification theory, especially where that theory responds
6  to arguments the defendant raises.  Class certification is a fluid process.  *See Prado-Steiman v.*
7  *Bush*, 221 F.3d 1266, 1273-74 (11th Cir. 2000).  The Federal Rules contemplate that class
8  definitions may be refined, narrowed, or modified based on the parties' briefing and the
9  Court's analysis of Rule 23's requirements.  Discovery responses addressing a named
10 plaintiff's individual damages do not preclude that plaintiff from later proposing class-wide
11 remedies tailored to the varied legal standing of different class members.

12      Delta's position would create an untenable rule: that any discovery response describing
13 currently-pursued remedies operates as a waiver of all alternative or contingent remedies, even
14 those that become necessary only in response to the defendant's own arguments.  No authority
15 supports such a rule, and adopting it would undermine the iterative, responsive nature of class
16 certification briefing.

### V.  CONCLUSION

Delta's motion attempts to weaponize *Sonner* to create a "remedy-free zone" for its deceptive conduct. It argues business travelers cannot get damages, and then argues they cannot get restitution because damages are the "preferred" remedy.  This is legal sophistry.

Plaintiff's proposed subclass ensures that if the Court agrees with Delta that business travelers are excluded from the CLRA, they still have a remedy under the UCL. This is a proper alternative argument for class certification, not a defect in the pleadings.

Dated: December 22, 2025         Respectfully submitted,

                                  */s/ Jonathan Haderlein*
                                  **HADERLEIN AND KOUYOUMDJIAN LLP**
                                  Jonathan Haderlein (Cal. Bar No. 336644)
                                  Krikor Kouyoumdjian (Cal. Bar No. 336148)

                                  **RUSSELL LAW, PC**

L. David Russell (Cal. Bar No. 260043)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 2,968 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 22, 2025              Respectfully submitted,


                                      */s/  Jonathan Haderlein*

                                      **HADERLEIN AND KOUYOUMDJIAN LLP**
                                      Jonathan Haderlein (Cal. Bar No. 336644)
                                      Krikor Kouyoumdjian (Cal. Bar No. 336148)

                                      **RUSSELL LAW, PC**
                                      L. David Russell (Cal. Bar No. 260043)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**