Paul Watford (SBN 183283)
pwatford@kslaw.com
Peter Hsiao (SBN 119881)
phsiao@kslaw.com
Michael D. Roth (SBN 217464)
mroth@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Fax: (213) 443-4310

David L. Balser (admitted *pro hac vice*)
dbalser@kslaw.com
Billie B. Pritchard (admitted *pro hac vice*)
bpritchard@kslaw.com
Allison Hill White (admitted *pro hac vice*)
awhite@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100

Attorneys for Defendant
DELTA AIR LINES, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MAYANNA BERRIN, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | Case No. 2:23-cv-04150-MEMF-AS<br><br>**DEFENDANT DELTA AIR LINES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Judge: Hon. Maame Ewusi-Mensah Frimpong<br>Hearing Location: Courtroom 8B |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. PLAINTIFF'S IMPROPER RESTITUTION ALLEGATIONS IN THE TAC SHOULD BE STRICKEN OR DISMISSED ..................................................... 2

    A. Delta's Motion is Procedurally Proper........................................................ 2

    B. Plaintiff's Restitution Allegations are Barred by the Court's Prior Orders and *Sonner*............................................................................................. 5

    C. Plaintiff Does Not Seek to "Refine" the Class Definition. ......................... 8

III. CONCLUSION ............................................................................................. 11

i

DEFENDANT DELTA AIR LINES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahmadi v. Chertoff*,
   2008 WL 1886001 (N.D. Cal. Apr. 25, 2008) ........................................................ 9

*Culinary & Serv. Empl. Union, AFL-CIO Local 555 v. Hawaii Empl. Ben. Admin.*,
   688 F.2d 1228 (9th Cir. 1982) ......................................................................... 3, 4

*Gustafson v. BAC Home Loans Servicing, LP*,
   2014 WL 10988335 (C.D. Cal. Feb. 5, 2014) ...................................................... 10

*Hanscom v. Reynolds Consumer Prods. LLC*,
   2022 WL 591466 (N.D. Cal. Jan. 21, 2022) ....................................................... 7, 8

*Hayden v. Retail Equation Inc.*,
   2023 WL 2629885 (C.D. Cal. Mar. 2, 2023) ........................................................ 3

*Hochberg v. Lincare, Inc.*,
   2008 WL 11342786 (E.D. Wash. Mar. 12, 2008) .................................................. 3

*Key v. Qualcomm Inc.*,
   129 F.4th 1129 (9th Cir. 2025) ........................................................................ 7, 8

*LaComba v. Eagle Home Loans & Inv., LLC*,
   2024 WL 418646 (E.D. Cal. Feb. 5, 2024) ........................................................... 3

*In re Large Scale Biology Corp.*,
   2007 WL 2859782 (Bankr. E.D. Cal. Sept. 25, 2007) .......................................... 10

*Lessin v. Ford Motor Co.*,
   2025 WL 97598 (S.D. Cal. Jan. 14, 2025) ............................................................ 9

*In re MacBook Keyboard Litig.*,
   2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ....................................................... 6

*In re Mission Bay Jet Sports, LLC*,
   2010 WL 144441 (S.D. Cal. Jan. 11, 2010) .......................................................... 3

*In re NJOY, Inc. Consumer Class Action Litig.*,
   120 F. Supp. 3d 1050 (C.D. Cal. 2015) ............................................................... 8

*Santa Ana Police Officers Ass'n v. City of Santa Ana*,
  2018 WL 3013355 (C.D. Cal. June 14, 2018) ........................................................ 3

*In re Seagate Tech. LLC Litig.*,
  2017 WL 3670779 (N.D. Cal. Aug. 25, 2017) ....................................................... 4

*Smith v. United Seating & Mobility L.L.C.*,
  2024 WL 4441082 (C.D. Cal. Sept. 11, 2024) ....................................................... 6

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ........................................................................ *passim*

*Tevis v. Dyson Direct, Inc.*,
  2025 WL 3539091 (E.D. Cal. Dec. 10, 2025) ....................................................... 5

*Williams v. Apple, Inc.*,
  2020 WL 6743911 (E.D. Cal. Mar. 29, 2013) .................................................. 3, 4

*Winnemem Wintu Tribe v. U.S. Forest Serv.*,
  2013 WL 1325423 (N.D. Cal. Nov. 17, 2020) ................................................. 3, 4

**Statutes**

Cal. Bus. & Prof. Code § 17204 ........................................................................ 2, 9

Cal. Bus. & Prof. Code § 17535 ........................................................................ 2, 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 1, 5

Fed. R. Civ. P. 12(c) ...................................................................................... 1, 5, 11

Fed. R. Civ. P. 12(f) ........................................................................................ *passim*

iii

DEFENDANT DELTA AIR LINES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff's opposition to Delta's motion to strike and/or dismiss any request for restitution in the Third Amended Complaint ("TAC") acknowledges this Court's rulings—on two occasions—that Plaintiff cannot pursue claims for equitable restitution because she has an adequate legal remedy in the form of actual damages under the Consumers Legal Remedies Act (the "CLRA"). *See* Dkt. 148 at 2–3. The Court's prior rulings were absolutely correct. Thus, as set out in Delta's motion, the Court should strike and/or dismiss Plaintiff's belated claims for restitution because (1) Plaintiff was not given leave to replead those claims, and (2) those claims are barred by *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).

In fact, Plaintiff's opposition concedes that her "[r]eply brief in support of class certification assert[ed] *for the first time* a proposed 'restitution subclass' for business travelers wherein they would receive equitable restitution under the UCL." Dkt. 148 at 4 (emphasis added). That fact alone—Plaintiff's concession that she did not plead a claim for restitution for some unnamed business that purchased a ticket for some unspecified flight that Plaintiff may have taken—warrants granting Delta's motion. And faced with the insurmountable hurdle that her belated attempt to assert a claim for restitution is improper, Plaintiff (ironically) attempts to create a procedural block to Delta's well-founded motion. That should be rejected. Indeed, Plaintiff's procedural argument ignores authority that permits a motion to strike under Rule 12(f) after a responsive pleading is filed, and Plaintiff blatantly misconstrues Delta's alternative motion to dismiss as an untimely Rule 12(b)(6) motion, ignoring that it is timely under Rule 12(c).

In any event, Plaintiff's newly concocted theory is fatally flawed. There is good reason that Plaintiff's non-existent claim for a "restitution subclass" of business travelers was not alleged in any version of the complaint: that hypothetical claim under the Unfair Competition Law and/or False Advertising Law is not Plaintiff's claim *at all* and (if it existed) would belong to the businesses that actually

purchased the tickets—as those entities (and not Plaintiff) would be the ones with statutory standing. *See* Cal. Bus. & Prof. Code §§ 17204, 17535 (requiring UCL and FAL plaintiffs to have "lost money or property" to have statutory standing).

In short, faced with an improper moving target in Plaintiff's *reply* brief in support of class certification, Delta moved to strike or dismiss (again) the underlying restitution allegations from Plaintiff's TAC to resolve any lingering question about the scope of the claims in this case. *See* Dkt. 137. Plaintiff's opposition to Delta's motion only confirms that her late-breaking request to certify a restitution class is improper and in violation of the Court's prior orders. The Court should therefore grant Delta's motion and strike or dismiss any request for restitution in the TAC.

## II. PLAINTIFF'S IMPROPER RESTITUTION ALLEGATIONS IN THE TAC SHOULD BE STRICKEN OR DISMISSED

Plaintiff's effort to revive her dismissed request for equitable restitution by way of her reply brief in support of class certification is both procedurally faulty and legally meritless. Rather than address the legal authority holding that claims previously dismissed with prejudice should be stricken when a plaintiff ignores a court's prior order (Dkt. 137 at 7–8), Plaintiff asserts that Delta's motion is procedurally improper (Dkt. 148 at 5–9) and tries to argue that she is simply refining the class definition in response to Delta's opposition to her motion for class certification. None of her arguments have merit: (a) a motion to strike or dismiss is the proper vehicle for addressing Plaintiff's tactics, (b) the Court's prior orders and *Sonner* bar any claim for restitution (regardless of whether Plaintiff calls restitution an "alternative remedy"), and, ultimately, (c) Plaintiff cannot "refine" a class definition that never included a restitution claim. Delta's motion should be granted.

### A. Delta's Motion is Procedurally Proper

As an initial matter, Delta's motion was properly brought under Rules 12(f) and 12(c). Substantively, a motion pursuant to Rule 12(f) is the proper procedure to strike the restitution allegations in the TAC because they exceed the scope of leave

1  to amend granted by the Court. *See Hayden v. Retail Equation Inc.*, 2023 WL
2  2629885, at *3–4 (C.D. Cal. Mar. 2, 2023) (granting a motion to strike restitution
3  allegations because they were barred by *Sonner* and exceeded the court's grant of
4  leave to amend to include a request for prospective injunctive relief); *Santa Ana*
5  *Police Officers Ass'n v. City of Santa Ana*, 2018 WL 3013355, at *2 (C.D. Cal. June
6  14, 2018) ("[W]here the scope of any amendment exceeds the leave to amend
7  granted, courts will strike the offending portions of the pleading under Rule 12(f).").

8        Regardless of the merits of Delta's motion, Plaintiff argues that a Rule 12(f)
9  motion is procedurally improper and must be denied as untimely. *See* Dkt. 148 at 5
10 (citing *Culinary & Serv. Empl. Union, AFL-CIO Local 555 v. Hawaii Empl. Ben.*
11 *Admin.*, 688 F.2d 1228, 1232 (9th Cir. 1982)). But the Court should reject Plaintiff's
12 attempt to excuse her violation of its prior orders by way of a hollow procedural
13 objection.

14       Courts in the Ninth Circuit recognize that there is a "mandate to construe the
15 Federal Rules of Civil Procedure to achieve a just, speedy, and efficient resolution
16 of the action" and may therefore consider the merits of a motion to strike that is
17 brought after the moving party has responded to the challenged pleading. *In re*
18 *Mission Bay Jet Sports, LLC*, 2010 WL 144441, at *3 (S.D. Cal. Jan. 11, 2010)
19 (granting a motion to strike over an untimeliness objection that relied on the Ninth
20 Circuit's *Culinary* decision); *Hochberg v. Lincare, Inc.*, 2008 WL 11342786, at *2
21 (E.D. Wash. Mar. 12, 2008) ("Despite Plaintiff's Rule 12(f) motion's untimeliness,
22 the Court will consider its merits."). And even where courts have recognized a
23 motion to strike as technically untimely under Rule 12(f)(2), they have inherent
24 authority to enforce their prior orders and have exercised their discretion under
25 Rule 12(f)(1) to strike a pleading, such as where (like in this case) a plaintiff exceeds
26 the scope of leave to amend granted by a prior order. *See Winnemem Wintu Tribe v.*
27 *U.S. Forest Serv.*, 2013 WL 1325423, at *4 (E.D. Cal. Mar. 29, 2013) (explaining
28 that the court was "not barred" from striking material from a third amended

complaint that exceeded the scope of the court's leave to amend); *see also LaComba v. Eagle Home Loans & Inv., LLC*, 2024 WL 418646, at *2 n.2 (E.D. Cal. Feb. 5, 2024) ("Because plaintiffs' amended complaint exceeds the scope of the court's leave to amend …, the court has discretion to strike the allegations in the FAC that are outside the scope of this court's prior order."). On this point, *Winnemem* specifically distinguished the *Culinary* decision on which Plaintiff relies, explaining that it did not "involve the district court's striking portions of a complaint that ran afoul of the court's previous order, as is the case here." 2013 WL 1325423, at *3. Thus, the Court may properly strike the restitution allegations and prayer for relief seeking restitution in the TAC.

Although Plaintiff cites cases that denied a motion to strike as untimely, the rationale in those cases has no application here. Take, for example, the decision in *In re Seagate Technology LLC Litigation*, 2017 WL 3670779 (N.D. Cal. Aug. 25, 2017). There, the defendant moved to strike nationwide class allegations after it filed an answer to the operative complaint but before the plaintiff moved for class certification. *Id.* at *4. The court declined to exercise its discretion to strike the allegations under Rule 12(f)(1), explaining that "class certification still provides a sufficient opportunity to pursue any objections to the putative class that [the defendant] failed to raise before filing its answer." *Id.* at *5. Here, by contrast, the class certification process cannot provide a sufficient opportunity for Delta to raise its arguments about the newly-proposed "UCL restitution subclass" because Plaintiff did not seek restitution under the UCL in the TAC, has never sought to pursue a claim on behalf of businesses that purchased Delta flights, and did not include any UCL restitution claim in her motion for class certification. Thus, unlike the defendant in *Seagate,* and contrary to Plaintiff's assertion, Delta does not use Rule 12(f) to "attack a class certification argument." Dkt. 148 at 4. Rather, Delta brought this motion because Plaintiff's last-minute request to amend her pleadings through a reply brief was made without an opportunity for Delta to respond.

This is also not a situation where Delta seeks to strike class allegations "before the parties have had an opportunity to proceed through discovery and the class certification process." *Tevis v. Dyson Direct, Inc.*, 2025 WL 3539091, at *3–4 (E.D. Cal. Dec. 10, 2025) (denying motion to strike class allegations under Rule 12(f)(1) "without prejudice to Defendant raising the class allegations in a more appropriate posture"). The parties have proceeded through discovery without so much as a mention of a restitution class or a subclass of business travelers, and the class certification briefing is now complete. In these circumstances, striking the restitution allegations is not only appropriate but necessary to maintain the fairness of the proceedings.

In any event, Delta's alternative request to dismiss the restitution allegations is indisputably procedurally proper. Plaintiff blatantly mischaracterizes Delta's motion as a Rule 12(b)(6) motion so that she may argue it is untimely. Dkt. 148 at 5. But Delta's motion makes clear that it was brought under Rule 12(c), which allows a party to "move for judgment on the pleadings" after "the pleadings are closed" but "early enough not to delay trial." Fed. R. Civ. P. 12(c); *see also* Dkt. 137 at 6–7 (providing legal standard for a Rule 12(c) motion). Thus, Delta's motion is timely.

### B. Plaintiff's Restitution Allegations are Barred by the Court's Prior Orders and *Sonner*

As explained in Delta's motion, Plaintiff's renewed claim for restitution violates the Court's prior orders and, even if considered on the merits, is barred by the Ninth Circuit's decision in *Sonner*. *See* Dkt. 137 at 7–9. Plaintiff's opposition even acknowledges that the Court "correctly held she could not simultaneously seek equitable restitution and legal damages for the same harm." Dkt. 148 at 7; *see also id.* at 3. And Plaintiff offers no response to Delta's argument that the restitution remedy alleged in the TAC overlaps entirely with the damages remedy she seeks under the CLRA because her UCL claim is based on the same facts as her CLRA claim. *See* Dkt. 137 at 9. As in *Williams v. Apple, Inc.*, a post-*Sonner* case, Plaintiff's

5

invocation of alternative pleading does not change the fact that Plaintiff has alleged an equitable claim and a legal claim based on the same set of allegations, rendering the claims duplicative and thereby barring her claims for restitution under the UCL and FAL. 2020 WL 6743911, at *9–10 (N.D. Cal. Nov. 17, 2020).

Nonetheless, Plaintiff insists that the TAC's "conditional" pleading of a restitution remedy is "consistent with *Sonner*." Dkt. 148 at 7. She is wrong.

*First*, Plaintiff cannot avoid *Sonner* by merely claiming she is seeking restitution in the alternative.
> [T]his is not an election of remedies issue. The question is not whether or when Plaintiffs are required to choose between two available inconsistent remedies, it is whether equitable remedies are available to Plaintiffs at all. In other words, the question is whether Plaintiffs have adequately pled their claims for equitable relief . . . .

*In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *2 (N.D. Cal. Oct. 13, 2020). Thus, the "argument that a plaintiff may plead equitable remedies in the alternative 'has been explicitly rejected by numerous courts post-*Sonner*.'" *See, e.g., Smith v. United Seating & Mobility L.L.C.*, 2024 WL 4441082, at *6 (C.D. Cal. Sept. 11, 2024) (quoting *Clevenger v. Welch Foods, Inc.*, 2022 WL 18228288, at *4 (C.D. Cal. Dec. 14, 2022) (citing cases)). This Court should do the same and reject Plaintiff's argument for this reason alone.

*Second*, in any event, Plaintiff has not actually pled a claim for equitable restitution in a manner "consistent with *Sonner*." Dkt. 148 at 7. The TAC purportedly seeks restitution in the alternative (1) if the CLRA claim fails because "the Court requires [Plaintiffs] to show classwide reliance and materiality beyond the objective reasonable consumer standard" applied to FAL and UCL claims and Plaintiffs are unable to "establish each Class member's individualized understanding of Defendant's misleading representations," or (2) if Plaintiffs are unable to "demonstrate the requisite *mens rea*" for the CLRA claim because the FAL and UCL impose no such requirement. Dkt. 61 ¶¶ 102, 115. These allegations do not seek an

6
DEFENDANT DELTA AIR LINES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

*alternative* remedy. Rather, they relate only to the failure of proof for the CLRA claim, which does not satisfy Plaintiff's burden to plead the lack of an available legal remedy.

Indeed, the Ninth Circuit has held that a plaintiff's failure to prove a claim does not make the legal remedy for that claim inadequate and therefore does not satisfy *Sonner*'s requirement to plead an inadequate legal remedy. *See Key v. Qualcomm Inc.*, 129 F.4th 1129, 1142 (9th Cir. 2025). Thus, allegations identical to Plaintiff's about the need for restitution under the UCL and FAL because of the inability to prove a CLRA claim have been held to be insufficient to plead an inadequate legal remedy in the alternative consistent with *Sonner*. *See Hanscom v. Reynolds Consumer Prods. LLC*, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022).[1]

In *Hanscom*, the plaintiff requested the "same amount—the price premium or full refund price—in damages and restitution" and the complaint lacked "allegations showing … how restitution would go beyond the damages available to her." *Id.* The court held that the plaintiff's allegations "hypothetically and in the alternative" that she may be unable to obtain damages for her CLRA claim if she could not prove the elements of the claim did not "establish that the damages she seeks are necessarily inadequate or incomplete," and therefore failed to "satisfy *Sonner*'s requirement that she plead she lacks an adequate legal remedy with respect to her claims for restitution." *Id.*

Plaintiff similarly fails to allege how restitution would go beyond the damages

---

[1] The plaintiff in *Hanscom* alleged "'hypothetically and in the alternative' that she will be 'unable to obtain monetary, declaratory, and/or injunctive relief' for her CLRA and common law claims and 'will lack an adequate remedy at law if the Court requires her to show classwide reliance and materiality beyond the objective reasonable consumer standard' applied under the FAL and UCL" and that "she may be unable to obtain legal remedies and therefore will lack an adequate remedy at law if she is unable to demonstrate the requisite *mens rea* for her common law claims because the FAL and UCL impose no such requirement." 2022 WL 591466, at *3 (record citations omitted). These faulty allegations are nearly word-for-word identical to the relevant allegations in the TAC. *See* Dkt. 61 ¶¶ 102, 115.

7
DEFENDANT DELTA AIR LINES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

available to her under the CLRA and pleads only that she will not have a remedy under the CLRA if she fails to prove the elements of her claim. Given Plaintiff's allegations and the reasoning of *Qualcomm* and *Hanscom*, there is no merit to Plaintiff's assertion that she has sufficiently pled the lack of an adequate remedy at law in the alternative. Accordingly, if the Court looks beyond its prior orders and again reaches the merits of Delta's arguments under *Sonner*, the Court should (again) dismiss Plaintiff's restitution allegations.

### C. Plaintiff Does Not Seek to "Refine" the Class Definition

Faced with the indisputable facts that the Court previously dismissed her restitution claims without leave to amend, and that *Sonner* bars those claims, Plaintiff's current assertion that she merely seeks to "refine" the class definition to include a restitution class is misplaced, at best, and disingenuous, at worst.

This Court already held that Plaintiff cannot seek restitution for past harm under the UCL or FAL because she alleged an adequate legal remedy in the form of actual damages and dismissed her restitution claims without leave to amend. *See* Dkt. 37 at 12–14. Plaintiff therefore defined the classes as California residents (1) who were exposed to Delta's carbon neutral representations and purchased tickets to fly on Delta or (2) who purchased tickets to fly on Delta through the Delta.com website. *See* Dkt. 81-7 at 2. None of the authorities cited by Plaintiff supports the proposition that she can "refine" her class definitions to pursue claims that were dismissed without leave to amend.

In the single case cited by Plaintiff on the question of "refining" a class (Dkt. 148 at 6), the court held that the proposed class of plaintiffs under the UCL and CLRA (among other statutes) was overbroad because it included members who were never exposed to the alleged misrepresentation. The court thus exercised its discretion to *narrow* the class to bring it within Rule 23's requirements. *See In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1093–95 (C.D. Cal. 2015). Plaintiff, by contrast, does not seek to *narrow* the class definition proposed

8

in her motion for class certification, she now seeks to *expand* it. Specifically, Plaintiff seeks to add a new restitution class based on a claim that was dismissed without leave to amend. In analogous situations, courts have rejected attempts to certify a class based on claims that were previously dismissed. *See, e.g.*, *Lessin v. Ford Motor Co.*, 2025 WL 97598, at *3 (S.D. Cal. Jan. 14, 2025) (granting a motion for reconsideration as to an order certifying a class for a claim that was previously dismissed without leave to amend); *Ahmadi v. Chertoff*, 2008 WL 1886001, at *5 (N.D. Cal. Apr. 25, 2008) (holding that "it would not be proper to consider the motion for class certification on claims that have previously been dismissed for failure to state a claim").

Thus, although Plaintiff argues that her request on reply to certify a restitution class is not sandbagging but rather a "refinement of the class definition," Dkt. 148 at 6, there is nothing for Plaintiff to "refine." The TAC does not expressly seek restitution under the UCL—it only seeks unspecified "equitable relief" and an "order for full restitution." Dkt. 61 ¶ 114, p. 40. Nor does Plaintiff even claim to be a member of the proposed restitution class as she does not allege in the TAC that she purchased a Delta flight for business travel. *See* Dkt. 61 ¶ 14 (alleging only that Plaintiff "purchased flights on the Defendant's airline"). Indeed, there is good reason for that omission—the proper plaintiffs (if any exist) with statutory standing to bring a hypothetical claim seeking restitution for business travel would be the businesses that actually paid for that travel. *See* Cal. Bus. & Prof. Code §§ 17204, 17535 (requiring UCL and FAL plaintiffs to have "lost money or property" to have statutory standing).

Plaintiff also argues that her request to certify a restitution class is proper because she need only "raise the restitution issue in response to the arguments Delta raised for the first time" in its class certification opposition. Dkt. 148 at 6. Plaintiff's argument entirely ignores the context of this issue. Plaintiff's motion for class certification conflated the relief available under the CLRA, UCL, and FAL, which

required Delta to clarify that because Plaintiff has no remaining claims for restitution following dismissal of the same without leave to amend, Plaintiff can only certify claims for injunctive relief under the UCL and FAL. *See* Dkt. 137 at 5; Dkt. 96 at 10 n.4. This clarification does not permit Plaintiff to amend the TAC or rewrite her motion for class certification in her reply brief. As aptly explained in the *Large Scale Biology* case cited by Plaintiff (Dkt. 148 at 6): "This is not a case where the motion failed to address a necessary prerequisite to the *relief requested by the movant* and, after a respondent noted the deficiency, the movant added the necessary evidence in its reply. This is sandbagging." *In re Large Scale Biology Corp.*, 2007 WL 2859782, at *1 (Bankr. E.D. Cal. Sept. 25, 2007) (emphasis added).

Finally, Plaintiff argues that her failure to state in her discovery responses that she would seek restitution is irrelevant and that she can change her theory of class certification in response to arguments raised by Delta. *See* Dkt. 148 at 8–9. Plaintiff's argument, however, is a tacit acknowledgement that the TAC does not properly allege a claim for restitution or contain facts establishing that Plaintiff has standing to pursue a claim based on business purchases.[2] It is thus Plaintiff who adopts a "position that would create an untenable rule." Dkt. 148 at 9. Namely, that a proposed class representative bears no responsibility to plead the claim they seek to

---

[2] In addition, Plaintiff's claim that her "discovery responses … could not have anticipated or addressed" an argument "about a subset of Class members Delta had not yet identified as problematic" misses the mark. Dkt. 148 at 7. Plaintiff's own experience and discovery responses revealed that she flew flights purchased by businesses and family members, and she stated she was *only* pursuing claims based on the flights she purchased herself. Plaintiff's class certification reply even cites her July 18, 2025 deposition testimony that she purchased a Delta flight for business travel in 2022. *See* Dkt. 126-1 at 13 (citing Dkt. 124-3 (Ex. 64)). Rather than justifying why she did not account for these issues in her initial motion for class certification (or, for that matter, her discovery responses), she claims it is up to Delta to tell her how to define the proposed classes and correct her errors. But that was obviously not Delta's burden and allowing Plaintiff to pursue certification of a class proposed for the first time in a reply would sanction Plaintiff's failure to make "any effort whatsoever" to "consider timely proposing" classes and "promote tactics that waste the limited resources of the Court." *Gustafson v. BAC Home Loans Servicing, LP*, 2014 WL 10988335, at *2 (C.D. Cal. Feb. 5, 2014) (refusing to allow plaintiffs to pursue certification of subclasses that were not identified in their motion for class certification).

DEFENDANT DELTA AIR LINES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

certify, to provide information in discovery about that claim, or to timely propose corresponding classes in a motion for class certification; and may instead reflexively propose classes on reply based on a defendant's opposition with no opportunity for the defendant to respond. Such a position violates fundamental principles of notice and fairness.

### III. CONCLUSION

For the reasons set forth above and in Delta's motion (Dkt. 137), Delta respectfully requests that the Court strike or dismiss all requests for restitution in the TAC pursuant to Rule 12(f) or Rule 12(c), respectively.

Dated: December 29, 2025           Respectfully submitted,

                                   */s/ Michael D. Roth*
                                   Michael D. Roth
                                   *Attorney for Defendant*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Delta, certifies that this brief contains 3,800 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 29, 2025

Respectfully submitted,

*/s/ Michael D. Roth*
Michael D. Roth
*Attorney for Defendant*

12

DEFENDANT DELTA AIR LINES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT