Paul Watford (SBN 183283)
*pwatford@kslaw.com*
Peter Hsiao (SBN 119881)
*phsiao@kslaw.com*
Michael D. Roth (SBN 217464)
*mroth@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Fax: (213) 443-4310

David L. Balser (admitted *pro hac vice*)
*dbalser@kslaw.com*
Billie B. Pritchard (admitted *pro hac vice*)
*bpritchard@kslaw.com*
Allison Hill White (admitted *pro hac vice*)
*awhite@kslaw.com*
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100

Attorneys for Defendant
DELTA AIR LINES, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MAYANNA BERRIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.<br><br>Defendant. | Case No.: 2:23-cv-04150-MEMF-AS<br><br>**JOINT STIPULATION TO MODIFY SCHEDULING ORDER**<br><br>*[Proposed] Order submitted herewith* |

JOINT STIPULATION TO MODIFY SCHEDULING ORDER

Plaintiffs Mayanna Berrin ("Plaintiff") and Defendant Delta Air Lines, Inc. ("Delta") (each a "Party" and collectively the "Parties"), by and through their counsel of record, respectfully stipulate to modify the deadlines set forth in the Scheduling Order entered at ECF No. 77. Specifically, the Parties request that the Court vacate all case deadlines following the December 19, 2025 fact discovery cut-off and order the Parties to submit a new proposed scheduling order, if necessary, following resolution of Delta's pending motion to dismiss for lack of subject-matter jurisdiction (ECF No. 91).

In support of this stipulation, the Parties state as follows:

1.      On June 11, 2025, the Court entered the operative Scheduling Order. Under the Scheduling Order, class certification discovery closed July 25, 2025, fact discovery closed December 19, 2025, and the hearing on class certification was set for December 18, 2025. The Scheduling Order also set deadlines to complete a settlement conference by March 4, 2026, disclose affirmative merits experts by January 23, 2026, disclose rebuttal merits experts by March 6, 2026, complete merits expert discovery by April 10, 2026, and exchange opening briefs in support of motions for summary judgment by April 17, 2026. *See* ECF No. 77 at 3.

2.      The Parties completed fact discovery and class certification briefing in accordance with the Scheduling Order. The Parties also briefed numerous other motions related to class certification such that all motions could be heard at the December 18, 2025 hearing.

3.      On December 17, 2025, the Court continued the December 18 hearing as to Plaintiff's motion for class certification and Delta's motions to strike Plaintiff's experts pending resolution of Delta's motion to dismiss for lack of subject matter jurisdiction and related motion to strike Plaintiff's declaration and errata. *See* ECF No. 142. The Court heard argument on the latter two motions on December 18, 2025, and took both under advisement. The Court also heard from both Parties regarding the case schedule, including merits expert deadlines. The Court noted

each Party's position and indicated that the forthcoming order on the motions under advisement would provide guidance as to the remaining case deadlines. Based on the Court's comments, the Parties understood that merits expert discovery deadlines would be rescheduled, if necessary, following the Court's ruling on Delta's motion to dismiss for lack of subject matter jurisdiction. To date, however, the Court has not entered a written order vacating any case deadlines.

4. After the hearing, the Parties worked diligently to prepare for mediation with retired Judge Ann Jones scheduled for January 9, 2026. However, on December 27, 2025, Plaintiff's counsel Krikor Kouyoumdjian was tragically killed. Other counsel for Plaintiff notified defense counsel on December 29, 2025, and the Parties immediately agreed to postpone the mediation. After the Parties notified Judge Jones, her staff advised that she would not attempt to reschedule the mediation at that time but would await a scheduling request from Plaintiff's counsel at the appropriate time.

5. Based on these circumstances and further conversations, the Parties now seek a written order vacating all case deadlines following the December 19 fact discovery cut-off in the operative Scheduling Order (ECF No. 77).

6. The Parties have demonstrated good cause for the requested order because:

   (a) the death of Plaintiff's counsel Krikor Kouyoumdjian required cancellation of the previously scheduled mediation;

   (b) the Parties understood that the merits expert discovery deadlines were paused, and would be rescheduled—if necessary—following the Court's forthcoming order on Delta's motion to dismiss for lack of subject matter jurisdiction;

   (c) based on the Parties' mutual understanding, they have not disclosed merits experts under the existing Scheduling Order, and therefore cannot proceed with summary judgment briefing in April 2026;

(d) the Court's order on Delta's motion to dismiss for lack of subject matter jurisdiction, if granted, would moot the remaining deadlines in the case, including summary judgment.

7.      Further, vacating the existing Scheduling Order will allow the Parties and the Court to revise the case schedule to avoid one-way intervention concerns, if necessary. This joint stipulation is not being made for any purpose of delay and no Party will be prejudiced by this request.

WHEREFORE, The Parties respectfully request that the Court approve this joint stipulation, vacate all deadlines in the Scheduling Order (ECF No. 77) following the December 19 fact discovery cut-off, including the March 4, 2026 deadline to complete the settlement conference, and order the Parties to submit a new proposed scheduling order following the Court's ruling on the pending motion to dismiss for lack of subject matter jurisdiction.

**RESPECTFULLY SUBMITTED.**

DATED:  March 4, 2026                    **KING & SPALDING LLP**

By: */s/ Michael D. Roth*
     MICHAEL D. ROTH
     *Attorney for Defendant*
     *Delta Air Lines, Inc.*

DATED:  March 4, 2026                    **RUSSELL LAW, PC**

By: */s/ L. David Russell*
     L. DAVID RUSSELL
     *Attorney for Plaintiffs*

## **ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  March 4, 2026

**KING & SPALDING LLP**

By: */s/ Michael D. Roth*

MICHAEL D. ROTH
*Attorney for Defendant*
*Delta Air Lines, Inc.*